### STATE OF MAINE *vs.* EDGAR R. SNOW.

Sagadahoc. Opinion February 8, 1883.

*Practice, criminal law. Pleadings.*

A motion in arrest of judgment is not the proper remedy for a wrong verdict. It should be a motion to have the verdict set aside and a new trial granted.

A motion in arrest of judgment is not the proper remedy for an illegal admission of evidence. The remedy for such an error is a bill of exceptions.

ON EXCEPTIONS.

The opinion states the case.

*H. B. Cleaves,* attorney general, for the state.

*J. D. Simmons,* for the respondent.

WALTON, J. This is a complaint charging the defendant with an illegal sale of intoxicating liquor. It also charges him with having been before convicted of a similar offense. Having been found guilty by the judge of the municipal court for the city of Bath, and, on appeal, by a jury, he moved for an arrest of judgment: First, because the verdict was against law and the weight of evidence. Second, because the court admitted the original complaint and docket entry of the judge of the municipal court (an extended record not having been completed) to prove his previous conviction, and it not being alleged in the complaint on which he was being tried that the former sale was made in this state or in violation of the laws thereof. The presiding justice overruled the motion, and the case is before the law court on exceptions to that ruling. The exceptions must be overruled. A motion in arrest of judgment is not the proper remedy for a wrong verdict. The remedy is not a motion to have the judgment arrested, but a motion to have the verdict set aside and a new trial granted. Nor is a motion in arrest of judgment the proper remedy for an illegal admission of evidence. The remedy for such an error is a bill of exceptions. Nor could a motion in arrest of judgment be sustained, if it be true, as the defendant contends, that his former conviction was not set forth with sufficient fullness. The effect of such an error would only be to prevent his being sentenced to the severer punishment. He would still be liable to be sentenced to the milder punishment. The motion was therefore properly overruled, and the exceptions to the overruling of it cannot be sustained. *State* v. *Murphy,* 72 Maine, 433.

*Exceptions overruled. Judgment for the State.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.