State v. Johnson.

## STATE v. JOHNSON.

1. **STATUTE:** *Sec. 1659, Gantt's Digest. Constitutionality of.*

   The Statute (*Gantt's Dig.*, sec. *1659*), which authorizes the prosecution of a thief in any county in this State where he may be found with property stolen in another State, is not abrogated by the provision of the Constitution of 1874, which secures to parties a trial in the the county in which the crime was committed.

2. **EVIDENCE:** *Must be in bill of exceptions, not in judgment entry.*

   Unless the evidence on a trial be brought to this court by bill of exceptions, the judgment of the Circuit Court will be presumed correct. The evidence cannot be imported into the record of the judgment

3. **JURISDICTION:** *Property stolen in another State*

   In order to give to the Circuit Court of a county in this State, jurisdiction to try one for larceny of property stolen in another State, it must appear that the stolen property was brought by him into this State, with a continuous felonious intent.

APPEAL from *Miller* county.
Hon. J. K. YOUNG, Circuit Judge.

*C. B. Moore*, Attorney-General, for appellant.

Defendant should be prosecuted under the laws of Arkansas, *sec.* 1659, *Gantt's Digest*, he having brought the stolen property into this State.

EAKIN, J.  After a jury had been impanneled to try the appellee on the charge of larceny, and had heard the evidence, we are advised by the record that the court stopped the trial, and remanded the prisoner to jail, for a specified time, to await a requisition from the Governor of Texas.  The record recites, that it appeared to the satisfaction of the court that the offense was committed in Texas, although the money alleged to have been stolen was found

in defendant's possession, in Miller county, Arkansas. The court was, therefore, of the opinion that it had no jurisdiction to try the cause.

By the common law, larceny, whilst the goods are in possession of the thief, with a continued felonious intent, is a crime committed by each movement of them; and he may be indicted in any county into or through which they may be carried. In contemplation of law, "the possession of them still remains in the true owner, and every moment's continuance of the trespass and felony amounts to a new caption and asportation." *Russell on Crimes, Vol.* 11, *p.* 116; *Bishop on Crim. Pro., Vol* 1, *sec.* 59. This doctrine has been accepted by the courts of many American States, and is amongst them sustained by a largely preponderating weight of authority.

In accordance therewith, it was early enacted by our Legislature, that " every person who shall steal, or obtain by robbery, the property of another, in any other State or country, * * * and shall bring the same within this State, may be indicted, tried, and punished for larceny; the same as if the property had been feloniously stolen or taken within this State; and, in any such case, the larceny may be charged to have been committed in any county into or through which such stolen property may have been taken." *Gantt's Digest, sec.* 1659. So far as regards property stolen, this was but in affirmance of the common law; and was not abrogated by the Constitution of 1874, securing in all criminal prosecutions "the right to a speedy and public trial, by an impartial jury of the county in which the crime shall have been committed." For in fact the crime was being committed all along the route.

This section of the common law was peculiar to the crime of larceny, and the case where the asportation was with a continued felonious intent. It did not apply to crimes not

State v. Johnson.

of a continuous nature, such as burglary, arson, or criminal homicide; nor to larceny where the transfer was not felonious. Mr. BISHOP, in the section above cited, states, for instance, the case of a prisoner who, with the goods about him, goes to the new locality under arrest for the theft.

With regard to this latter class of cases, when it cannot be said that the crime is committed in each county into which the accused person goes, we apprehend there would be upon the Legislature, a constitutional inhibition against trial and punishment outside of the county where the crime was perpetrated.

By the Criminal Code of 1868, a provision dictated by comity of States, was made for all crimes whatever, committed in another State. If it should appear, upon trial, that the offense was committed out of the State it was directed, that the trial should be stopped and the defendant be either discharged or ordered to be retained in custody for a reasonable time, until the counsel for the State should have an opportunity to inform the chief executive officer of the State, in which the offense was committed, of the facts; and for said officer to require the delivery of the offender. (*Gantt's Digest, sec.* 1950.) This contemplates no trial whatever, but was in aid of the Federal provisions regarding fugitives from justice. It is not amenable to any constitutional objection.

2. EVID-ENCE: Must be in bill of exceptions, not in judgment entry. In the case now in judgment, we are not advised as to what the evidence precisely was. The State made no bill of exceptions. The evidence could not be imported into the record of the judgment. Its recitals of what appeared to the satisfaction of the court, stated only the conclusion of the court upon the evidence, and is merely explanatory of the grounds of the judgment or order. It does not appear from the recitals that the offense was committed by the

prisoner, although that might, perhaps, be inferred. What is more clear, however, it does not appear that the property stolen was brought by him into the State with a continuous felonious intent, which was necessary to give jurisdiction in Miller county. But it clearly does appear, from the recitals, that the offense with which the prisoner was charged, was actually committed in the State of Texas ; and that the case came within the provision of the Criminal Code of 1868.

Without a bill of exceptions showing such a state of facts as should have compelled the court to proceed with the trial as for an offense committed within the county, we must presume in favor of the correctness of the order, and affirm it.

3. JURIS-DICTION:<br>Larceny-of proper-ty in ano-ther State.