## BAKER *v*. STATE.

### Opinion delivered March 3, 1894.

1. *Grand jury—Competency—Right to object.*

   It is only one who is held to answer a criminal charge who is authorized, by sec. 2098 of Mansf. Dig., to object to the competency of one summoned to serve as a grand juror, upon the ground that he is the prosecutor or complainant in the charge against such person, or that he is a witness on the part of the prosecution.

2. *Continuance—When properly denied.*

   A motion for continuance for the testimony of an absent witness for the defense was properly denied where the State admitted the truth of what the motion stated the witness would testify.

3. *Incompetent evidence—Party producing cannot complain.*

   Defendant cannot complain of incompetent evidence brought out by his counsel on cross-examination of one of the State's witnesses.

33

4. *Erroneous instruction not prejudicial, when.*
    Error in giving instructions is not prejudicial if it appears that the jury found a state of facts to which they were inapplicable.

5. *Right of accused to be present by counsel.*
    The fact that the verdict was returned in the absence of defendant's counsel is not ground for reversal, in the absence of a request that such counsel should be present.

6. *Receiving stolen property—Venue.*
    On an indictment for receiving stolen property, the venue is sufficiently proved by evidence that the property was received by defendant in ·another county and brought by him to the county of the venue with the purpose to conceal it and to exact of the owner a reward for its return.

7. *Impeachment of witness—Cross-examination.*
    It is proper to ask the defendant on cross-examination if he had not been confined in the penitentiary of another State for receiving stolen goods.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

Gilbert Baker has appealed from a conviction of the crime of receiving stolen goods under an indictment containing two counts,—the first for grand larceny, the second for receiving stolen goods.

Defendant moved to set aside the indictment upon the following grounds: "(1) The said indictment was not found or presented by sixteen good and lawful, fair and impartial, jurors. (2) E. S. Ready, the injured party named in the indictment herein, was a grand juror and member of the grand jury by whom said indictment was preferred, and had prejudged the charge therein against the defendant. (3) The said E. S. Ready, the prosecutor in the case, was the only witness examined by the grand jury, of which he was then a member, concerning the commission of the crime alleged in said indictment. (4) The said defendant was not held to answer said criminal charge, or any other public offense, before said grand jury, and had no opportunity to object to the competency of said E. S. Ready as a member of said

grand jury before he was sworn. (5) That the prosecuting attorney was present while the grand jury was deliberating on the charge contained in said indictment. (6) The proceedings of said jury in finding said indictment were otherwise irregular and contrary to law." The motion was overruled by the court.

Defendant asked for a continuance on account of the absence of Cora Dixon, a witness, by whom he expected to prove that he was at her house during the entire night in which the larceny was committed. The State admitted the truth of the matters set forth in the motion for continuance, and the motion was therefore overruled.

On the cross-examination of E. S. Ready, a witness for the State, certain testimony was elicited, tending to show that defendant committed the larceny. The court charged the jury as follows:

"1. The jury are instructed that where the possession of stolen property is shown to be in the defendant, it devolves on him to explain the possession, and his statements made in relation to such possession are all facts to be considered by the jury in arriving at a verdict."

"2. The ownership of property alleged to have been stolen is a material allegation in the indictment, and to convict the defendant as charged you must be satisfied from the evidence, beyond a reasonable doubt, that the watch alleged to have been stolen was the property of E. S. Ready, or that it was in his possession or control at the time of the taking."

"3. The jury are instructed that, before they can find the defendant guilty of grand larceny, it must be proved that he obtained the watch from E. S. Ready on the occasion alleged and in the manner described, or that he was present aiding and abetting another in the taking."

"4. The possession by a party of stolen goods is a fact from which his complicity in the larceny may be in-

ferred, but this fact, standing alone, is not sufficient to sustain a conviction. It must be made to appear that the property was recently stolen, the possession must be unexplained, and in some form involve an assertion of property in the possessor."

"5. If the jury believe from the evidence that the defendant in good faith, for the purpose of restoring it to the owner, purchased said watch, knowing it to be stolen, and did so return it, he would not be guilty as charged."

The court further instructed the jury that the facts stated as the evidence of Cora Dixon were admitted by the State, and were to be taken as true; and that all the material allegations in the indictment must be proven beyond a reasonable doubt; and gave the usual charge upon reasonable doubt.

The following instructions were asked for by the defendant and refused by the court:

"1. The State must prove every allegation in the indictment beyond a reasonable doubt, and if the jury believe that the watch alleged to have been stolen was not the property of E. S. Ready, and that it was the property of some other person, you will acquit the defendant."

"2. If the jury believe that the defendant did obtain the watch from other parties, and returned it as early as convenient after he received the description of the watch, you will acquit him."

"3. If the jury believe that the defendant did, in good faith, purchase said watch, although he might at the time have believed it to be stolen, and that he returned it to the owner upon information to whom it belonged, then you will acquit the defendant."

The jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the

second count, and fix his punishment at three years in the penitentiary." The errors assigned by the defendant are stated in the opinion of the court.

*Sanders & Fink* for appellant.

1. The court erred in overruling the motion for a continuance. The practice of allowing the State to admit facts which a defendant expects to prove by an absent witness deprives the accused of a substantial right—to have the witness before the jury under sanction of an oath. 50 Ark. 161.

2. It was error to sustain the demurrer to the second, third and fourth grounds of the motion to quash. Mansf. Dig. sec. 2098. 50 Ark. 534 is not in point.

3. The verdict is not supported by the evidence. There is no evidence that defendant received the watch with the felonious intent to deprive the owner of it. All the testimony shows that his purpose was to secure the watch, secure the reward and make reputation as a detective. This is not a crime. 50 Ark. 427; Mansf. Dig. secs. 1645, 1631.

4. The venue was not proved. If a crime was committed, it was in Monroe or Jefferson county, and sec. 1974 Mansf. Dig. was not applicable.

5. The State abandoned the charge of larceny, and it was error to charge the jury as to larceny.

6. The first instruction of the court is palpably erroneous. 37 Ark. 580; 43 *id.* 294; 45 *id.* 173; 45 *id.* 492; 49 *id.* 448; 50 *id.* 477; 52 *id.* 263. Mere possession of stolen goods is not presumptive evidence of guilt. *Boykin* v. *State*, 34 Ark. 443.

7. It was error to allow the State to ask defendant if he had been convicted for receiving stolen property in Texas. Mansf. Dig. sec. 2902; 52 Ark. 309, 310; 54 *id.* 626.

8.    The court received the verdict in the absence of the attorney for defendant, and without having him called.

*James P. Clarke,* Attorney General, and *Chas. T. Coleman* for appellee.

1.    Even if it were error to overrule defendant's motion for a continuance, there was no prejudice, as the jury virtually acquitted him of the larceny.

2.    The motion to quash was properly overruled. 50 Ark. 542.

3.    The instructions as to larceny were harmless, as the defendant was found not guilty of the theft.    54 Ark. 4.

4.    The first instruction may be verbally inaccurate, but, taken in connection with the fourth, states substantially the law.    34 Ark. 444 ; 44 *id.* 41.

5.    The right of one on trial for felony to be present at every substantial step in the progress of the trial is personal to the defendant, and does not extend to his counsel.

6.    The question as to whether defendant had not been confined in the penitentiary of Texas, was not improper.    *Holder* v. *State, ante,* and cases cited in that case.

7.    From the proof the jury could have found that defendant was in collusion with the parties who stole it, and that he received it in Phillips county.

1. When objection taken to competency of grand jurors.

HUGHES, J.    The demurrer of the appellee to the second, third and fourth grounds of appellant's motion to quash the indictment was properly sustained.    There was no evidence to sustain the first and fifth grounds of the motion.    The sixth ground was merely formal.

" Sec. 2098, Mansf. Dig., which provides that 'every person held to answer a criminal charge may object to the competency of any one summoned to serve as a grand juror, before he is sworn, on the ground that he is the

prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution,' applies only to persons held to answer criminal charges which have not been previously investigated and acted upon by a grand jury, and not to a person already indicted." *Hudspeth* v. *State*, 50 Ark. 534.

The appellant's motion for a continuance that he might procure the testimony of Cora Dixon was properly denied, as the appellee admitted that what the motion stated she would testify to was true, which related only to the question of guilt upon the first count of the indictment, upon which appellee was acquitted. He was not prejudiced by the refusal of the court to continue the cause for this witness' testimony.

2. When continuance properly denied.

The evidence of E. S. Ready tending to show that the appellant committed the burglary and larceny, after the admission by the appellee that what the motion for continuance stated Cora Dixon would swear was true, was, as the record shows, brought out on cross-examination by appellant's counsel, and he cannot be heard to complain of this.

3. As to incompetent evidence.

It is urged that the court erred in giving the second, third and fourth instructions, which related to the count in the indictment for larceny. "An error in rejecting a a prayer for an instruction is not prejudicial if it appears that the jury found a state of facts to which it would have been inapplicable." *Farris* v. *State*, 54 Ark. 4.

4. When erroneous instruction not prejudicial.

The court told the jury that the facts stated as the evidence of Cora Dixon were admitted by the State, and must be taken as true. This admission by the State was a virtual abandonment of the first count of the indictment.

The appellant contends that the first instruction for the State is erroneous, because it stated to the jury that the statements of the defendant in relation to his

possession of the stolen property were all "facts to be considered by the jury in arriving at their verdict." If there was any error in this instruction, it was cured by the fourth instruction given. Perhaps it would have been better if the court had stated in the first instruction that the statements of the defendant in relation to his possession of the stolen property should be considered by them in arriving at a verdict. Standing alone, we see no substantial error in it.

The proof showed that the property had been recently stolen before it was found in the possession of the defendant. We think there was no error in refusing the several instructions asked by the appellant.

5. Right of defendant to be present by counsel.

It is assigned as error that the verdict of the jury was returned in the absence of appellant's counsel, and that he was not called. He did not ask that his counsel should be present. He could waive his presence. There was no reversible error in this. A defendant on trial for a felony " must be present whenever any substantive step is taken in his case, unless it appears that no prejudice could by any possibility result from his absence." *Mabry* v. *State*, 50 Ark. 492 ; *Bearden* v. *State*, 44 Ark. 331. "He has no right to abscond, and then to complain of his own absence." Sec. 2213 Mansf. Dig.; *Gore* v. *State*, 52 Ark. 285. It is a constitutional right of a defendant on trial for felony " to be heard by himself or counsel." Sec. 10, art. 2, const. 1874. If the absence of defendant's counsel when a verdict is returned against him in a felony would in any case be a ground for reversal, we think it sufficiently appears in this case that the appellant could not have been prejudiced by the absence of his counsel when the verdict was returned into court.

6. As to proof of venue.

The appellant insists that the venue was not proved as laid in the indictment. This is the most difficult and troublesome question in the case. There does not seem

to be any evidence that the appellant had the stolen watch in his possession in Phillips county, where he was indicted and tried, prior to the time he carried it back from Pine Bluff to Ready, the owner, in Helena in said county. According to Ready's testimony, which the jury might have believed, and doubtless did believe, the appellant told him, when he brought the watch back to Helena and received the reward of $25, and his expenses, $7.50, that he had recovered the watch at Clarendon, Monroe county, at the depot of the Cotton Belt railroad, on the 24th of February, having borrowed from the depot agent $20, which he paid for information which enabled him to recover it; that he had not then had any description of the watch. Ready says that, on the 1st day of March following, the appellant telegraphed him from Pine Bluff, Ark., as follows: "Will try and get watch and man for fifty dollars." "That, after Baker was arrested, he told me that he was very much surprised at being indicted for burglary, and for stealing my watch; that he got the watch in Pine Bluff with some other things—some diamonds, three or four silver watches and other jewelry—from the thieves; and that he borrowed $30 and got a quart of whiskey, which he gave for the jewelry. I reminded him that he told me in March that he got the watch in Clarendon. He became very much confused, and said that I was mistaken; that he told me he got it at Pine Bluff." From this evidence the jury might have believed that appellant received the watch in Clarendon on the 24th of February, and concealed the fact until after the 1st of March following, and until after he sent the telegram to Ready, on the 1st of March, seeking to have Ready offer a reward for the watch before he disclosed that it was in his possession.

It is contended by the appellant that "the existence of the felonious intent to deprive the owner of the

specific stolen property received by him must be proved;" that the "fact that appellant sought an advantage for himself, or to gain money as a condition of the return of the watch, does not constitute the crime charged."

In *Regina* v. *O'Donnell*, 7 Cox, Cr. Cas. 337, it was held that if property be taken with the intention of holding it until the rightful owner should pay a certain sum, and obliging such payment, the offense of larceny was complete. In *Commonwealth* v. *Mason*, 105 Mass. 163, Morton, J., said: "We think when a person takes property of another with the intent to deprive the owner of the property taken, or of its value, such intent is felonious, and the taking is larceny." In *Berry* v. *State*, 31 Ohio St., 227, in which the cases cited above are cited, it is said: "In an exact sense, it is not true that an intent to appropriate permanently the property taken is a necessary ingredient in the crime of larceny, if by permanent appropriation is meant keeping the specific property from the possession of the owner." And in the syllabus of that case it is laid down that "the wrongful taking and carrying away of the property of another, without his consent, with intent to conceal it, until the owner offers a reward for its return, and for the purpose of obtaining the reward, is larceny." The immediate and unconditional possession of stolen goods is the right of the owner. *State* v. *Pardee*, 37 Ohio St. 66.

The section of the statute under which the defendant in this case was convicted reads as follows: "Whoever shall receive or buy any stolen goods, moneys or chattels, knowing them to be stolen, with intent to deprive the true owner thereof, shall, upon conviction, be punished as is, or may be, by law prescribed for the larceny of such goods or chattels in cases of larceny.

In the syllabus of the case of *People* v. *Wiley*, 3 Hill (N. Y.), 194, it is said: "So, though the purpose

be, not to deprive him of the specific goods, but of some other portion of his property ; e. g., to defraud him into the payment of money by way of reward for the restoration of the goods." Bishop and Wharton have both stated the rule substantially as above stated.

Under the authorities quoted, if the jury believed from the evidence in this case—and they might have believed—that the appellant received the stolen watch at Clarendon on 24th February, and concealed the fact from Ready, the owner, knowing the property to be Ready's, with the intention of defrauding Ready into the payment of money to him by way of reward for the restoration of the watch, the offense of receiving stolen property was made out under the statute. And if the appellant returned to Phillips county with the stolen watch, with a purpose to exact of Ready a reward for its return, and had the watch in Phillips county, with the intention of requiring Ready, as a condition of its return, to pay him money therefor, he was guilty, under the statute, the venue being thus proved. We are of the opinion that there was evidence from which these facts might have been found by the jury. This court will not reverse upon the weight of evidence, or where there is evidence upon which the verdict of the jury might have been found.

On cross-examination the appellant was asked, if he had not been confined in the penitentiary of Texas for receiving stolen goods, and answered that he had. This is assigned as error. It was held recently in *Holder* v. *State, ante*, p. 473, that such a question on cross-examination was proper, as affecting the credibility of the defendant when a witness in his own trial.

7. Impeaching witness on cross-examination.

The questions of fact were all for the jury, and we cannot say there is not evidence to support the verdict.

Affirmed.