(Decided April 1st, 1897).

---

SIMON HOMMER *vs.* THE STATE OF MARYLAND.

*Criminal Law — Receiving Verdict of the Jury in the Absence of
the Prisoner's Counsel—Waiver of Right to Poll the Jury.*

The verdict of the jury in a capital criminal case may properly be taken
in the absence of the prisoner's counsel; it is sufficient if the pris-
oner himself is present.

A party indicted for a crime has a right to poll the jury when they ren-
der their verdict.   But this right may be waived, and a failure to ask
for a poll before the verdict is recorded is equivalent to a waiver.

Appeal from the Circuit Court for Allegany County.

The case was submitted to the Full Bench on briefs filed
by *James A. McHenry*, for the appellant, and by *Harry M.
Clabaugh*, *Attorney-General*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The question in this case is a narrow one and arises upon
a motion to strike out a judgment on an indictment for
murder.   The prisoner was tried before a jury in the Cir-
cuit Court for Allegany County, found guilty of murder in
the first degree and sentenceed to be hanged.   The motion
was overruled and hence this appeal.

Briefly stated, the ground for the motion is, that the verdict of the jury was taken in the absence of the prisoner's counsel from the court-room, whereby it is claimed that the prisoner was deprived of the right to a poll of the jury. It is conceded that the trial was regular in every other respect and the conviction was in due form of law. The record contains none of the evidence bearing upon the guilt or innocence of the prisoner, and as this was a matter entirely for the Court and jury that tried the case, we are confined to the single question raised by the record. The principal facts are contained in an agreement of counsel to be found in the record. It is this: "It is agreed as a fact in this case that immediately after the jury had retired to deliberate upon their verdict that the attorneys for the prisoner left Court-house and did not ask to be sent for upon the return of the jury into Court, or leave any word as to where they or either of them would be found. It is further agreed as a fact in the case, that Mr. McHenry, one of the prisoner's counsel, upon the retiring of the jury, went to dinner at his residence located on the same street and within one hundred yards of the Court-house, and well known to the Court Clerk and Court officials as the residence of said McHenry; that said McHenry remained at his residence all the time after leaving the Court-house and the taking of the verdict, and could have reached the Court-room within a few minutes after being sent for or notice given; but that no such word or notice was given him, and that he did not know of the return of the jury until after the jury had been discharged."

We have no doubt as to the question in this case, and are of opinion that the ruling of the Court below was correct. "The prevailing practice in the Courts of this State, when a jury has agreed upon their verdict, the prisoner being present in Court, is to direct the verdict to be taken, in the usual form, and if there is no request for a poll of the jury, to require the verdict thus taken to be recorded. The manifest object of a poll of the jury is to call on each juror to

answer for himself and in his own language." In *Ford* v. *State*, 12 Md. 514, it is said that when the jury be asked if they have agreed on their verdict and they respond that they have, and that foreman shall say for them, and the foreman, speaking for the whole panel, find a proper verdict, and the same be recorded, the whole panel being called upon to hearken to it as the Court hath recorded it, and no objection being made, either by any of the jury or the counsel for the State or prisoner, then such proper verdict, as given through the foreman, is the verdict of the whole panel, and it is too late after the record of it, under such circumstances, for any of them to alter or amend it; it is then too late to poll the panel. While it is true that a prisoner is entitled, as a matter of right, to a poll of the jury, yet it is a right that can be waived, and a failure to make the demand at the proper time, that is, before the verdict has been recorded, is equivalent to a waiver. This has been the uniform practice in the Courts of the State, and it is supported by both reason and authority. In this case the Circuit Court for Allegany County was in regular session, and the prisoner was present at the time the verdict was received, and could have demanded a poll of the jury.

But it is insisted that there was error in receiving the verdict in the absence of the prisoner's counsel. This question has been distinctly ruled upon in some of the States. In *Martin* v. *The State*, 79 Wis. 175, it was held that there was no error in receiving the verdict in the absence of the attorney for the defendant. The verdict was received while the Court was regularly in session, and if the counsel for the defendant desired to be present when the verdict was received, there was nothing to hinder his being present, and it was not the duty of the Court to send for him. It was sufficient if the defendant himself was present when the verdict was received and there is no complaint in that respect. Approved in *Barnard* v. *State*, 88 Wis. 659. In the case of *O'Bannon* v. *State*, 76 Ga. 32, the question is also passed upon, and the Court said: " There was no

error in receiving the verdict in the absence of prisoner's counsel, the prisoner being present." And the same ruling was made in the cases of *Baker* v. *State*, 58 Ark. 513, and *Hoffman* v. *State*, 28 Texas App. 174.

In this State the rule has never prevailed that a prisoner is entitled, as a matter of absolute right, to have counsel present when the verdict is rendered. If such a rule was established it would lead to serious inconvenience in the trial of criminal cases, and might often result in a mistrial of the case.

There was therefore no reversible error in overruling the motion in this case. As far as the record discloses, the prisoner enjoyed every right and privilege guaranteed by our laws and Constitution to persons accused of crime, and as there is no error, such as the prisoner has a right to complain of, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided April 8th, 1897).