**LOVVORN v. JOHNSTON, Warden.**

No. 9570.

Circuit Court of Appeals, Ninth Circuit.

March 24, 1941.

James A. Lovvorn, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the trial court refusing to issue writ of habeas corpus upon petition of James A. Lovvorn. Instead, the court issued an order to show cause. The respondent filed a return and the petitioner traversed the return. Under the decision of the Supreme Court in Walker v. Johnston, 61 S. Ct. 574, 85 L.Ed. ——, decided February 10, 1941, the question involved upon the hearing of the order to show cause and, consequently upon the appeal from the order denying the writ, is whether or not the ap-

pellant's petition and traverse construed together as the application for the writ allege a material fact which if true would require the discharge of the petitioner, notwithstanding such material fact may be controverted by the respondent in his return to the rule to show cause.

Petitioner alleges that he was tried by a jury upon indictment charging conspiracy and the passing of counterfeit money, that he was found guilty thereof and sentenced, and is in custody because of the judgment of conviction. He claims that the court that sentenced him had no jurisdiction so to do, because he was deprived of the assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States as construed by the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

In that regard he alleges in his petition as follows:

"Before the verdict was returned, petitioner's counsel, Mr. W. E. Martin, withdrew from the case without petitioner's knowledge or consent and when petitioner was at liberty on bond with a right to waive his presence at all the proceedings of trial. Such withdrawal of counsel, as petitioner is advised and believes, divested the court of its jurisdiction to proceed with the trial, and the trial court lost jurisdiction under the due process of law clause and the right to counsel under the Fifth and Sixth Amendments to the Constitution."

"Petitioner appeared in the court room when the jury returned with the verdict, and at the same time, a Deputy United States Marshal took petitioner into custody. As soon as the verdict was read, the court said: 'Stand up to be sentenced', speaking to petitioner. Petitioner complied with the court's order and the aforesaid sentences were imposed."

Petitioner alleges that he did not know how to take an appeal and, consequently, gave no notice of appeal. He alleges he was not produced in the trial court on the fifth day after judgment for the purpose of giving notice of appeal or making a motion for new trial. Petitioner alleges that his confinement in jail obstructed his exercise of the right of appeal and that his people were denied the right to see him for a week after his confinement. He also claims that there is no evidence to support any of the counts of the indictment.

Petitioner also alleges he did not waive his right to counsel at any time in the proceedings and did not know he had a right to compel the court to allow petitioner counsel at the trial.

■ At the outset of our consideration of the allegations of the petitioner it should be noted that an attorney cannot withdraw from a case without the consent of the court. The rule is correctly stated in 7 Corpus Juris Secundum, Attorney and Client, page 943, § 110, as follows: "An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."

■ See also 6 C.J., 674, § 186: "An attorney seeking to withdraw must make an application to the court, for the relation does not terminate formally until there is a withdrawal of record; at least, so far as the opposite party is concerned, the relation otherwise continues until the end of the litigation."

The following decisions of the Supreme Court hold that an attorney for the defendant can not withdraw from the case without the consent of the court: United States v. Curry, 6 How. 106, 47 U.S. 106, 111, 12 L.Ed. 363; Tripp v. Santa Rosa St. R. R., 144 U.S. 126, 12 S.Ct. 655, 36 L.Ed. 371; Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578; Rio Grande Irrig. & Colonization Co. v. Gildersleeve, 174 U. S. 603, 19 S.Ct. 761, 43 L.Ed. 1103.

■ There is no allegation by the appellant that the consent of the Court to his withdrawal was obtained by the defendant's attorney, nor is it suggested that the trial court was at any time advised of the alleged withdrawal, or that any objection thereto was called to the attention of the court. It seems clear that under the circumstances, or rather lack of circumstances, the allegation that counsel withdrew from the case while the jury was considering the case, is a conclusion of law, rather than an ultimate fact, and without more does not raise a factual issue.

■ At most the petitioner's allegation of withdrawal would amount to an allegation that the defendant's attorney, selected by him, did not appear at the time the verdict was returned or sentence imposed, and that this failure was without the consent of the petitioner, or the court. It has been held in a number of cases that it is not error to receive a verdict, or to proceed with a trial in the case of the voluntary absence of counsel for the accused. The Supreme Court of Nebraska in Duffey v. State, 124 Neb. 23, 245 N.W. 1, held that where the defendant's attorney left the trial before the verdict, with the consent of the defendant it was not error to read to the jury the testimony of a witness in his absence. The Texas Court of Criminal Appeals held it was not error to give an additional instruction to a jury in the absence of defendant's attorney where he had voluntarily absented himself. McClellan v. State, 118 Tex.Cr.R. 473, 40 S.W.2d 87. The Supreme Court of the State of Washington held that a defendant may consent to receive a verdict in the absence of counsel. State v. Hardung, 161 Wash. 379, 297 P. 167. See also People v. Mayes, 113 Cal. 618, 45 P. 860; Hommer v. State, 85 Md. 562, 37 A. 26; Whitehurst v. State, 3 Ala.App. 88, 57 So. 1026; Richards v. State, 136 Ga. 67, 70 So. 868; Schwartz v. State, 103 Miss. 711, 60 So. 732; Commonwealth v. Polens, 327 Pa. 554, 194 A. 652. The courts have been called upon more frequently to consider the effect of the voluntary absence of a defendant on bail during some step in the trial. It has been held that his voluntary absence is a waiver of his constitutional right to be present. Diaz v. United States, 223 U.S. 442, 32 S. Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138. The question of the effect of the absence of the accused at the time a verdict is rendered is discussed in the case of Frank v. Mangum, 237 U.S. 309, at pages 338–341, 35 S.Ct. 582, 59 L.Ed. 969. In that case both the accused and his counsel were absent, at the suggestion of the trial judge, when the jury returned the verdict. It was held by the Supreme Court that the accused could waive his right to be present when the jury renders its verdict. The court said: "The presence of the prisoner when the verdict is rendered is not so essential a part of the hearing that a rule of practice permitting the accused to waive it, and holding him bound by the waiver, amounts to a deprivation of 'due process of law'". (See main opinion, 237 U.S. page 343, dissenting opinion page 346, 35 S.Ct. 593, 594, 59 L.Ed. 969, which are in agreement on this point.) The reasoning and the decision are equally applicable to the voluntary absence of the counsel for the accused, although that question is not separately considered by the court. The

right of accused to waive his presence is assumed in Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575, and in the dissenting opinion of Justice Roberts, 291 U.S. at pages 135, 136, 54 S.Ct. 343, 78 L.Ed. 674, 90 A.L.R. 575. This court has so held in three cases: Hagen v. United States, 9 Cir., 268 F. 344; Noble v. United States, 9 Cir., 300 F. 689; Ah Fook·Chang v. United States, 9 Cir., 91 F.2d 805, 809. If the defendant cannot by his voluntary absence prevent the court from proceeding to a verdict and judgment for the reasons elaborated by the Supreme Court in Diaz v. United States, 223 U.S. 442, 455 to 458, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138, it would seem equally clear that the voluntary absence of his attorney would not do so. The decisions of the Supreme Court on the subject of the effect of the voluntary absence of the accused in a criminal case support the conclusion of other courts cited above that such voluntary absence of counsel for the accused does not affect the right of the court to proceed. These decisions are also authority for the proposition that the court did not lose jurisdiction by reason of such absence. The allegation of the appellant with reference to his failure to take an appeal because not advised by counsel, does not invalidate the judgment. The Sixth Amendment does not secure to a defendant a right of appeal, and the failure to have counsel after sentence would not constitute a violation of the Sixth Amendment.

It was held by the Supreme Court in Schwab v. Berggren, 143 U.S. 442, 446, 447, 12 S.Ct. 525, 36 L.Ed. 218, that the Sixth Amendment to the Constitution did not require the presence of the accused in the appellate court. See also Diaz v. United States, supra, 223 U.S. page 459, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138. The right to counsel in the trial of the criminal case, as guaranteed by the Sixth Amendment, must also refer to the court of original jurisdiction only. See Dunlap v. Swope, 9 Cir., 103 F.2d 19. The trial ends with the sentence. Schwab v. Berggren, supra, 143 U.S. page 448, 12 S.Ct. 525, 36 L.Ed. 218.

It should be said also that in the return to the order to show cause, the allegation that petitioner's counsel withdrew, is denied both by the attorney himself and by the United States Attorney, but these allegations cannot be considered in determining whether or not the appellant was entitled to the writ. Walker v. Johnson, supra.

Order affirmed.