BROWN *v.* STATE.

4253                                              160 S. W. 2d 207

Opinion delivered March 16, 1942.

*Elmer Schoggen,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant was convicted of grand larceny and sentenced to three years in the penitentiary. The charging part of the indictment is: ''The said Fred Brown in the county and state aforesaid, on the 5th day of July, 1941, did unlawfully and feloniously steal, take and carry away four cows, the property of George Ramsey, a resident of Lee county, Arkansas, and did then and there unlawfully and feloniously carry and bring into Phillips county, Arkansas, the said property, and so the said Fred Brown in the county of Phillips and the state of Arkansas did unlawfully and feloniously steal, take and carry away said property of George Ramsey, as aforesaid, against the peace, etc.''

His demurrer to this indictment was overruled, and this alleged error of the trial court is the only ground for a reversal of the judgment urged on this appeal.

His counsel says: "It is his contention that, since the indictment charged him with the crime of bringing four cows into Phillips county which he had allegedly stolen elsewhere, the state should have been required to charge where he was alleged to have stolen them, to the end that he could have known what charge he would be required to defend against. It is an elementary principle of criminal law and procedure that one charged with crime shall be sufficiently notified of the charge against him that he may prepare his defense. Failing in this, an indictment is fatally defective."

The exact point was ruled adversely to appellant in *O'Neal* v. *State,* 195 Ark. 357, 112 S. W. 2d 615, where the court permitted an amendment of the indictment after a demurrer thereto on the same ground as here was overruled. The amendment alleged where the property was stolen. But we held that the indictment was good before the amendment. We there said: "We think it is clear, both from the statute and the construction heretofore given to it in the cases cited above, that as the indictment charged an offense before amendment, because it did in fact charge him with having committed the original larceny and after having stolen the property, he transported the same into Drew county. One who steals property and transports it into or through any of the counties of the state commits a new larceny in each county into which, or through which, he transports such property. *Baker* v. *State,* 58 Ark. 513, 25 S. W. 603; *State* v. *Johnson,* 38 Ark. 568."

No possible prejudice to him could have resulted from a failure of the indictment to allege the larceny of the cows in Lee county, for he knew he was charged with stealing the cows of George Ramsey who was a resident of Lee county. The gist of the charge is that he brought stolen cows into Phillips county.

Affirmed.