## NEWAGON v. SWOPE, Warden.
### No. 12489.

United States Court of Appeals
Ninth Circuit.
July 17, 1950.

Rehearing Denied Aug. 2, 1950.

A. J. Zirpoli, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before: MATHEWS, ORR and LINDLEY,[1] Circuit Judges.

LINDLEY, Circuit Judge.

Appellant, a prisoner in a United States Penitentiary, filed in the district court a petition for a writ of habeas corpus, averring that he is illegally confined. The trial court found that the petition presented "no jurisdictional infirmity reachable by the writ of habeas corpus" and dismissed the application. This appeal followed.

1. Circuit Judge, Seventh Circuit, sitting by special designation.

While still in his youth or young manhood, in 1934,[2] appellant was indicted, jointly with another, in the Western District of Wisconsin, in the United States District Court, a court of competent jurisdiction, for murder upon an Indian Reservation. Thereafter he was tried by a lawfully constituted jury and on August 31, 1934, found guilty. He was represented throughout the trial, including sentence, by competent counsel appointed by the court, except that when the verdict was returned his attorneys were not in the courtroom. They were present, however, the following day when appellant was sentenced. At that time the two lawyers representing him moved for a new trial, alleging that no "credible testimony upon which the verdict could possibly have been based," had been presented, and, further, that the court release and discharge appellant on "the ground that when the jury returned the verdict, his attorneys were not present in the courtroom and the jury was not polled." Neither appellant nor his counsel suggested that the verdict was not the true verdict of the jury or that, if the jury had been polled, its verdict would have been impeached in any way. The court denied both motions and entered sentence. No appeal was taken. The record is wholly lacking as to why counsel were not present at the time the verdict was returned, except that the United States Marshal, upon inquiry from the court, reported that he had been unable to find them. There is neither averment nor proof that anything occurring at that time prejudiced appellant in the slightest degree.

Upon this record appellant contends that absence of his attorneys at the time the verdict was returned deprived him of aid of counsel at a vital stage of the proceedings, in violation of that provision of the Sixth Amendment of the United States Constitution guaranteeing an accused the right "to have the Assistance of Counsel for his defense" and that the court lost jurisdiction at the time the verdict was returned.

2. Appellant insists he was then only 14 years of age; the government that he was 21.

The government insists that the absence of counsel was voluntary in character and did not, therefore, deprive the court of jurisdiction to proceed and that the judgment of the district court in this proceeding that no jurisdictional infirmity was present was correct in law and in fact.

In Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, certiorari denied 314 U.S. 607, 62 S.Ct. 92, 86 L.Ed. 488, this court, in a carefully considered opinion, held that it is not error to receive a verdict in the case of voluntary absence of counsel and that the court does not lose jurisdiction to proceed by reason of such absence. The court referred to pertinent federal decisions and those of state courts which are to be found in the opinion and are, therefore, omitted here.

However, it is contended by appellant that counsel's absence was not voluntary. Whether such is the fact is to be determined from the evidence, which, unadorned, is that counsel were present throughout the trial, until after the cause had been submitted to the jury; that when the verdict was returned in open court appellant was present, though his counsel were not; that the marshal, at that time, reported to the court that he could not find them; that the court, after reading the verdict and upon inquiring of the jurors whether it was their verdict and being assured by them that it was, continued the cause for further proceedings until the following morning, when counsel were present.

The absence of counsel when it was their duty to attend, unless their presence was waived by their client, under the then existing circumstances, unexplained by any evidence, cannot be defined by any word other than voluntary. There is no evidence that counsel were detained by any circumstance beyond their control. In view of the fact that they were absent without suggestion of the court, without showing of duress or restraint of any character, their absence could have been only purely voluntary, of their own free will, of their own volition, unconstrained by extraneous force or influence. In the absence of averment or proof to the contrary, what they did must have been freely and willingly done. Their absence,

being voluntary, therefore, it could not deprive the court of jurisdiction to proceed. As this court pointed out in Lovvorn v. Johnston, 118 F.2d 704, just as a defendant may waive his right to be present and may not be heard to assert that his voluntary absence has deprived the court of jurisdiction to proceed, so the voluntary absence of his agent, his counsel, does not serve to deprive the court of jurisdiction.

Appellant urges that the reasoning of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, should impel us to conclude that, despite counsel's voluntary absence when the verdict was read, that absence constituted a deprivation of counsel in violation of Amendment VI at a vital stage in the proceedings. But we find in that case nothing persuasive of that postulate. It was concerned with the trial court's appointment of counsel representing co-defendants occupying a position inconsistent with and antagonistic to Glasser's interests, over the express objection of Glasser to such appointment. This action, the Supreme Court thought, did not adequately protect Glasser's right to counsel. The court was not at all concerned with our question of whether, by voluntarily absenting themselves from court, counsel could thereby deprive the court of jurisdiction to proceed.

We think that to say that the courts must cease to function, indeed, are without jurisdiction to proceed further, until they search for, seek out and bring in counsel whose duty it is to be in court, and who by their own volition are absent, is to indulge in over-meticulous nicety of construction of the constitutional provision.

Nor is the decision of this court in Wilfong v. Johnston, 9 Cir., 156 F.2d 507, at odds with our conclusion here. In that case the court decided that, in view of its circumstances, the absence of counsel when judgment was entered was a fatal deprivation of the accused's right to counsel at every stage of the proceedings. We think that case and Lovvron v. Johnston, 9 Cir., 118 F.2d 704, correctly set forth the law governing two variant sets of circumstances.

The judgment is affirmed.