## Commonwealth ex rel. Hamilton v. Maroney

*Clarence Hamilton*, p.p.

*Harry W. Gent, Jr.*, District Attorney, for respondent.

BREENE, P. J., July 31, 1962.—Clarence Hamilton, alias William T. Patrick, having presented a petition for a writ of habeas corpus, a rule to show cause was issued returnable July 23, 1962. On July 23, 1962, at a hearing on the legal issues involved, argument was made by the district attorney of Venango County

on behalf of respondent, and the allegations and views of relator as stated in his petition were considered.

Relator bases his petition for a writ of habeas corpus on the following allegations:

1. Counsel for relator was not in court at the time of the rendering of the verdict;

2. Relator was denied the right to poll the jury; and

3. The court used false and prejudicial statements in its charge to the jury.

No order was made directing the production of relator before the court as we did not deem his presence necessary for a determination of the questions presented.

Relator was indicted on November 10, 1952, charged with the commission of burglary, and after trial the jury returned a verdict of guilty; he was sentenced to pay a fine of $100, costs of prosecution, and undergo imprisonment of not less than six years nor more than 12 years.

Relator has filed heretofore with the court motions in arrest of judgment, for a new trial, and reduction of sentence; he has also filed with the court five petitions for a writ of habeas corpus as follows:

1. A.D. no. 27, November term, 1953—Refused in opinion and order dated September 30, 1953;

2. A.D. no. 12, April term, 1954—Refused in opinion and order dated February 5, 1954;

3. A.D. no. 46, November term, 1955—Refused in opinion and order dated November 25, 1955;

4. A.D. no. 27, August term, 1956—Refused in opinion and order dated June 26, 1956; and

5. A.D. no. 15, January term, 1958—Refused in opinion and order dated April 16, 1958, which was affirmed by the Superior Court of Pennsylvania. See 188 Pa. Superior Ct. 161.

Relator has also filed two petitions for a writ of habeas corpus in the District Court of the United

States for the Western District of Pennsylvania, civil action no. 12368 in 1954, and civil action no. 60-189 in 1960, both of which were denied.

Under the circumstances of the case, even though counsel was not present when the verdict was returned, it does not appear that any constitutional right of relator was violated. Relator was represented by counsel throughout the trial and at the sentence. The absence of counsel when the verdict was returned must be presumed to have been voluntary and did not deprive the court of jurisdiction to proceed: Newagon v. Swope, 183 F. 2d 340 (1950) ; Lovvorn v. Johnston, 118 F. 2d 704 (1941).

Judge McCraken (now deceased) in his opinion of September 30, 1953, stated he had no recollection of relator's request to poll the jury. However, even were we to assume the court had refused to poll the jury or made false and prejudicial statements in its charge to the jury, the proper remedy of relator was by appeal since these are alleged errors in the conduct of the trial: Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232 (1959). Relator was not deprived of any of his constitutional rights.

All of the allegations of relator in the petition now before us were asserted and ruled upon in one or more of the opinions and orders of court in proceedings upon the petitions for a writ of habeas corpus in the Court of Common Pleas of Venango County heretofore set forth. This basis alone is sufficient reason for denial of the petition. Such repeated petitions by relator manifest a lack of sincerity and an absence of any meritorious ground for a writ: Commonwealth ex rel. DeSimone v. Cavell, 185 Pa. Superior Ct. 131 (1958).

Certainly, there is nothing set forth in the present petition that could not have been in relator's previous petitions.

We conclude the rule to show cause must be discharged because the questions submitted by relator were decided on prior petitions and a petition for a writ of habeas corpus may not be used as a substitute for appeal.

*Order of Court*

And now, July 31, 1962, the rule heretofore awarded is discharged and relator's application for a writ of habeas corpus is refused.