CASE 52.—PROSECUTION AGAINST COLUMBUS DAVIS. FOR
    DETAINING A WOMAN WITH CARNAL INTENT. .
    —April 25.

## Davis v. Commonwealth

Appeal from Fayette. Circuit Court.

WATTS PARKER, Circuit. Judge.

Defendant convicted and appeals. Affirmed.

Infants—Crimes—Punishment—It is not an abuse of the trial
    courts' discretion to send a boy nearly 16 years of age, who
    has been convicted of detaining a woman against her will
    for the purpose of having carnal knowledge of her, to the
    penitentiary instead of to the house of reform, under Ky.
    Stats., 1903, section 2095a, subsec. 13, providing that it shall
    be lawful for such court in its discretion to commit a boy
    or girl under 18 years of age, on conviction of certain crimes,
    to said house of reform, where the conviction was had on
    evidence sufficient to take the case to the jury, and no evi-
    dence was given for defendant except as to age.

NAT. H. HOBBS, attorney for appellant. ·

N. B. HAYS, Attorney General, C. H. MORRIS and MORRIS &
SOUTH, for the Commonwealth.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On April 7, 1906, Helen Irvine, a little girl 12 years
old, who lived near Yarnallton, in Fayette county,
went, about 3 o'clock in the afternoon, to a store there
with some eggs in a bucket. As she went to the store,
she met Columbus Davis, a boy then 15 years old, in
a buggy. After she delivered the eggs and stayed at

the store some little time, she started home.  As she
went along, she found the buggy hitched at the side of
the pike.  Davis was behind a rock fence in some
bushes, and jumped up and grabbed her, and while he
held her commenced unbuttoning his pants in front
without saying anything.  She then hit him across the
hand with the bucket.  He let her go, and she went in
the house of a Mrs. Waite, who lived near by.  She
told Mrs. Waite what had occurred.  She and Mrs.
Waite then went out to the pike, and as Davis drove
up Davis started to say something.  Mrs. Waite said:
"If you don't go away, I will blow your head off."
He then said: "I was not trying to do anything to
that little girl."  She said:  "Who said you were?"
And he did not say anything more.  The officer who
arrested Davis testified as follows: "He told me he
was up at Yarnallton, and drove off the road to keep
the horse from scaring at the train, and he was stand-
ing there, and a little boy came along, and he asked
him for a match, and the little boy said: 'Your horse
has got mud on his legs.'  And at that the little girl
ran up to a neighbor's house, and they came out and
threatened to kill him."  Davis was indicted under
section 1158, Ky. Stats., 1903: "Whoever shall un-
lawfully take or detain any woman against her will,
with intent to marry such woman, or have her married
to another, or with intent to have carnal knowledge
with her himself, or that another shall have such
knowledge, shall be confined in the penitentiary not
less than two nor more than seven years."  He was
found guilty, and his punishment was fixed at seven
years' confinement in the penitentiary.  He was posi-
tively identified by the girl and Mrs. Waite, and his
statement to the officer confirms their testimony as to
his identity.  There was no error in the admission of

evidence, and our attention has not been called to any error in the instructions. There was evidence sufficient to take the case to the jury, and no evidence was offered for the prisoner, except to show his age, 15 years, or that he would be 16 the following Christmas.

It is earnestly insisted that the court should not have sent him to the penitentiary, but should have sent him to the the house of reform. The statute is as follows: ''When any boy or girl is brought before any circuit court, or in cities of the first or second class, police court, being under the age of eighteen years, it shall be lawful for such court, or any of them, in its discretion, to commit such boy or girl to said houses of reform for any period of time not exceeding the minority of such child, in the following cases: * * * Upon conviction in any of the said courts of any crime, penal offense or violation of any law of this State, or ordinances of any city, and the punishment fixed at fifteen days or more imprisonment in the penitentiary, county or city jail.'' Ky. Stats., 1903, section 2095a, subsection 13. There is nothing in the act of 1906 which modifies or changes this statute. It is left to the discretion of the court to commit the offender to the penitentiary or to the house of reform. The defendant was practically 16 years of age at the time of the trial. He was before the court. Many boys of 16 are practically grown, and the court in each case must decide from the maturity of the prisoner and other circumstances what is the proper course to pursue. We have nothing before us but the bare fact of the prisoner's age and the circumstances of the offense. From these we cannot say that the circuit court abused a sound discretion in sending the prisoner to the penitentiary.

Judgment affirmed.