# Lewis v. Commonwealth.

March 16, 1945.

Paul Gross for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, a minor, fifteen years of age, upon transfer from the Juvenile Court, was convicted in the Perry Circuit Court of storehouse breaking and sentenced to one year in the State Reformatory at LaGrange, from which this appeal is prosecuted.

The alleged grounds for reversal are: (1) That the court had no jurisdiction of this cause as there was a final judgment in the Juvenile Court, and consequently, the special demurrer to the indictment should have been sustained; (2) that the proceedings in the court were irregular and highly prejudicial to the defendant's substantial rights; that he had no right personally to plead guilty because of his minority, and that the plea of guilty in the circuit court should have been made by the attorney for appellant or by his parents.

The order of transfer from the Juvenile Court recites that the Juvenile Court adjudges the defendant guilty of the offense. Appellant contends that there was an adjudication in the Juvenile Court; that after it had adjudged the defendant guilty it had no right to waive jurisdiction; and that it was its duty then to direct the sheriff to deliver the defendant to the house of reform, or, probate him under the provisions of the probation law. Paragraph 2 of KRS 199.080, which deals with procedure when a child is charged with a crime, provides: "The juvenile court shall have custody of the child and shall give the notices, make an investigation and conduct a hearing as if upon petition filed under KRS 199.050. At the conclusion of the hearing if the court believes that the infant has committed a crime, it may dispose of him as a delinquent child under the provisions of KRS 199.140, or in its discretion may relinquish jurisdiction over the child and permit him to be proceeded against in accordance with the laws governing crimes, and in such event make an order transferring the case to the court having jurisdiction of the offense."

It will be noted that the paragraph above provides that if the court believes the infant has committed a crime, it may dispose of him as a delinquent child under the provisions of KRS 199.140, or in its discretion may relinquish jurisdiction over the child and permit him to be proceeded against in accordance with the laws governing crimes. The use of the phraseology "adjudged"

appears to us to be nothing more nor less than a statement of belief of guilt. The word "adjudged" as used above, which according to Webster may mean conclude or determine, is practically synonymous with the word believe. A review of the record shows that the Juvenile Court properly gave notice to the parents, made an investigation, and conducted a hearing, and, in the exercise of its discretion, waived jurisdiction and transferred the case to the circuit court.

The appellant contends that because of the above his special demurrer should have been sustained. The mere filing of a special demurrer without advising the grounds of same, will not raise the question of jurisdiction. Attorney for appellant admits in his brief that he did not set out specifically in the demurrer what he relied on. Therefore, we can give no weight to his contention thereon. Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. 2d 1046. We will add that in the light of facts and procedure as disclosed by the record, both the general and special demurrer were properly overruled.

This brings us, then, to the second contention of the appellant. Paragraph 3 of KRS 199.080 clearly sets out the procedure when a juvenile court transfers such a case to another court. Subdivision (a) thereunder provides that the grand jury may either return an indictment, or in lieu thereof, make a written report to the circuit court recommending that the child be committed to the house of reform. It provides further, that if the court believes such commitment would be proper, it may order the child committed to the house of reform. Following the provisions of this subdivision, the Grand Jury returned an indictment. Subdivision (b) provides that: "If, during any stage of the trial for an offense punishable by imprisonment, the defendant or his parent or guardian so requests, the presiding judge in his discretion may stop the trial and commit the defendant to the house of reform."

The record does not reveal that any such request was made. The appellant seems to complain somewhat that the parents, though they were in court, were not called upon by the court to plead for their minor child, or to represent him in any statement that he might make. That privilege of request under (b) above is a right going to the defendant, or parent or guardian, which in this case was not exercised.

Subsection (c) provides: "If neither of the procedures in paragraphs (a) and (b) are employed, the child shall be tried as any other defendant." There is no authority for the contention that the plea must be made by the attorney or through the parents, and that the minor could make no personal plea of guilty. He is to be tried as any other defendant. Section 173 of the Criminal Code provides: "The plea of guilty can only be entered by the defendant himself in open court."

In Johnson v. Commonwealth, 254 Ky. 775, 72 S. W. 2d 472, the court held that an attorney cannot enter a plea of guilty for a defendant. Nor is there to be found any requirement that the parents enter a plea for a minor in a criminal prosecution in the circuit court. As part of his contention herein, attorney for appellant claims that the proceedings were highly prejudicial to the defendant's substantial rights, and that the child will be required to stay in the house of reform until he becomes of age, and then sent to the State Reformatory to serve the sentence of one year given herein. No doubt, the attorney is laboring under a misconception of, and has placed a misconstruction upon the statutes dealing with delinquent children and juvenile criminals. It is true, the Juvenile Court could have disposed of the appellant as a delinquent child under provisions of KRS 199.140, but this it did not choose to do, and in its proper discretion, relinquished jurisdiction and transferred the case to the circuit court. The circuit court, under a plea of guilty, fixed his punishment at one year in the State Reformatory. KRS 199.090, subdivision (1) provides: "If a child between the ages of ten and eighteen is convicted of a crime under paragraph (c) of subsection (3) of KRS 199.080 and sentenced to imprisonment, he may, in the discretion of the trial judge, be committed to the house of reform instead of the penitentiary or county jail." See also Davis v. Commonwealth, 125 Ky. 454, 101 S. W. 352, 31 Ky. Law Rep. 85; Asher v. Commonwealth, 221 Ky. 700, 299 S. W. 568.

The appellant was tried in compliance with paragraph (c) of subsection 3, and was given one year in the State Reformatory. The trial judge, in his discretion, might have committed the appellant to the house of reform instead of the penitentiary, but this he did not do. He sentenced him to the Reformatory at LaGrange, Kentucky, to be confined therein for the period of one year,

where of course, he will be subject to all the rules and regulations governing same, as any other offender.

We are of the opinion that the contentions of the appellant concerning the grave injustice and the highly prejudicial proceedings to the defendant's substantial rights are not well founded.

Judgment affirmed.