## STATE v. LEMUEL JONES.

*Trial—Discretionary Power—Polling Jury.*

1. The defendant on the day after a verdict of guilty moved for a new trial upon the ground that his attorney was not present in court at the time of rendition of the verdict, so as to demand that the jury be polled, and the motion was refused; *Held*, no error; whether a new trial should be granted in such case is matter of discretion in the presiding judge.

2. It is not essential to the validity of a verdict that the jury be polled.

(*State* v. *Paylor*, 89 N. C., 539, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1884, of GREENE Superior Court, before *Avery, J.*

There was no exception to the ruling of the judge upon the trial, and none to his charge to the jury. The jury returned a verdict of guilty, the defendant being present, but he did not suggest that his counsel was then absent, or ask that he be sent for ; and on the day after the verdict was so returned the defendant moved for a new trial upon the grounds set forth in an affidavit to the effect, in substance, as follows : That the attorney employed to conduct his defence was necessarily absent from the court for about fifteen minutes while the jury were considering of their verdict, and on his return, as the affiant was informed and believed, the said attorney was surprised to find that the jury had returned into court and rendered a verdict of guilty ; that it was the right of the defendant to have the jury polled, and if his attorney had been present he would have demanded the polling of the jury. And thereupon the defendant moved the court to set aside the verdict and grant a new trial.

His Honor held the facts set forth in the affidavit presented a matter only of discretion in the court, and not of

right to defendant. The motion was overruled, and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State.

No counsel for defendant.

MERRIMON, J. The defendant was present in court at the time the jury rendered their verdict. He did not suggest to the court that his counsel was then absent, nor did he ask that he be sent for.

It was not essential to the validity of the verdict that the jury be polled. It was perfectly competent for the court to receive and enter the verdict in the absence of counsel, the defendant being present. A verdict thus rendered was neither void nor irregular. It was in all respects regular, and hence, it lay entirely in the discretion of the court to determine whether or not for such cause, it would set the verdict aside and direct a new trial. The presence of counsel is not essential to the validity of proceedings in criminal actions. In some classes of cases the presence of the prisoner is essential. *State* v. *Paylor,* 89 N. C., 539.

Ordinarily the court will see that one charged with a criminal offence is present in court when any material action is taken affecting the party so accused. And when, in a case like this, the counsel should be absent at the time the jury rendered their verdict, and it appeared that the defendant had suffered serious prejudice, the court should in the exercise of a just discretion, set aside the verdict and grant a new trial. But it is discretionary with the court whether it will or not. In this case it does not appear that the defendant suffered the slightest prejudice, and we are very sure that if the just judge who presided at the trial, had thought he did, he would at once have set the verdict aside.

There is no error. Let this opinion be certified to the superior court according to law.

No error.                                   Affirmed.