O'BANNON *vs.* THE STATE OF GEORGIA.

1. In a trial for larceny from the house, one of the jury having inquired as to the guilt of the accused, if he appropriated the property at first, or in the use of it afterwards, there was no error on 'the part of the court in replying that the only question was, whether he took it with the intention to appropriate it to his own use, or whether the owner consented to his taking it; that if he took it privately, without the owner's knowledge or consent, it would be larceny, but if she gave it to him, or agreed for him to use it, it would not be so; or in adding, "When he took it, did he intend to steal it—did he do it without her knowledge?"

(a.) The court might have gone further and charged that, if the accused took the property without the knowledge and consent of the owner, and afterwards appropriated it to his own use, the jury might infer the intention to steal, and convict him of larceny.

2. There was no error in receiving the verdict in the absence of the prisoner's counsel, the prisoner being present.
3. The verdict is sustained by the evidence.

December 1, 1885.

Criminal Law. Larceny. Charge of Court. Practice in Superior Court. Before Judge Simmons. Bibb Superior Court. April Term, 1885.

Charles O'Bannon was indicted for the larceny from the house of a ring belonging to Mrs. Laura P. Holdridge. On the trial, he was found guilty. He moved for a new trial on the following grounds:

(1), (2.) Because the verdict was contrary to law and evidence.

(3.) Because of the following colloquy between the court and jury, the latter having returned into court after being out for some time:

The court. "What is the trouble?

One of the jury. "The trouble in the mind of some is in regard to the finding of a verdict, and in regard to whether he appropriated the ring for his own use at the time he took it or afterwards."

Court. "How is that?"

Juror. "As to his guilt, if he appropriated it at first or in the use of it afterwards."

Court. "The only question is, whether he took it with the intention to appropriate it to his own use, or whether she consented to his taking it. If he took it privately, without her knowledge or consent, then it would be larceny. If she gave it to him, or agreed for him to take it, then it would not be larceny. Is there anything else?"

Juror. "We all agree that he made use of the ring afterwards, but some are not satisfied that he took the ring with the intention—that the intention to steal it was an afterthought of his."

Court. "I cannot give you any instructions about that. When he took it, did he intend to steal it? Did he do it without her knowledge?"

Juror. "If he took the ring without her knowledge,—"

Court. "That makes larceny."

Juror. "At first?"

Court. "Yes."

Juror. "In the evidence, it is admitted that she saw the ring in possession of the defendant, and the jury cannot agree; they claim that inasmuch as Mrs. Holdridge saw the defendant have the ring, twirl-

ing it on his finger, that that was consent for him to take it, but that he afterwards appropriated it.".

Court. "If she simply saw him there, and he was simply handling it, like you might handle my knife if we were sitting down together, and he afterwards put it in his pocket with the intention to steal it, that is larceny.    If he did not do that, or she consented for him to take it off, it is not larceny.".

Juror. "She went off and forgot the ring."

Court. "Well, if he appropriated it, that would be larceny, unless she consented for him to have it."

(4.) Because the court received the verdict in the absence of the defendant's counsel, the jury having been out for some time, and the counsel being within call of the court, as shown by the fact that he came in response to a call of the bailiff and met the jury before they had got out of the court-house.

[The court added the following note to the motion:

"After the colloquy between the court and jury, as set out in the third ground, the jury returned to their room. After being absent some time, they returned to the court-room and answered they had agreed upon a verdict.   Mr. Jemison was called, and did not respond. I then sent two bailiffs for him.   One of them, after being absent some time, returned and said he could not find Mr. Jemison.   He had no leave of absence.   After waiting some time, and he failing to appear, I directed the verdict to be received; after it was read, I directed the jury to be polled, which was done by the solicitor general. Every juror responded that he agreed to the verdict and still agreed to it.   This is all counsel could have done had he been present."]

The motion was overruled, and the defendant excepted.

SAM. H. JEMISON; A. O. BACON, for plaintiff in error.

JOHN L. HARDEMAN, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty of the offense of larceny from the house in the superior court of Bibb county.   Upon the refusal of a new trial, moved for by him, he filed his bill of exceptions and

writ of error to this court to review and reverse that ruling.

1. The main ground of error insisted on is that the court erred in certain responses he made to suggestions and inquiries made by the jury. One of the jury: " As to his guilt, if he appropriated it at first, or in the use of it afterwards." The court replied: "The only question is, whether he took it with the intention to appropriate it to his own use, or whether she consented to his taking it. If he took it privately without her knowledge or consent, then it would be larceny; if she gave it to him, or agreed for him to use it, then it would not be larceny." The court then further instructed the jury as follows: " When he took it, did he intend to steal it? Did he do it without her knowledge?" Several other matters passed between the court and the jury, much to the same effect as the foregoing, but it is not necessary to state the same here, as we are satisfied that all the responses made by the court to the inquiries of the jury were right and proper, and his instructions to the jury were also legal and proper. Indeed, we think that the court might have gone further and instructed the jury that, if the accused took the ring without the knowledge and consent of the owner, and did afterwards appropriate the same to his own use, then he was guilty of larceny, as the jury would be authorized to infer that he took the ring with intent to steal the same.

2. There was no error in receiving the verdict in the absence of prisoner's counsel, the prisoner being present.

3. The verdict of the jury is amply sustained by the evidence, and the judgment of the court is affirmed.

Judgment affirmed.