## 8319.  WOOTEN *v.* THE STATE.

A defendant against whom a verdict is rendered in a criminal case has a
legal right to poll the jury, and if the right be demanded when the ver-
dict is published and before the jury disperses, and before sentence is
imposed, a denial of this right will be sufficient ground to set the ver-
dict aside. The facts set out in the note of the trial judge in this case
did not constitute a waiver of this right.

DECIDED APRIL 21, 1917.

Indictment for seduction; from Jeff Davis superior court—Judge
Highsmith.  November 28, 1916.

*Chastain & Henson, W. W. Bennett,* for plaintiff in error.

*A. V. Sellers, solicitor-general, J. H. Thomas,* contra.

LUKE, J.  The defendant was convicted of the offense of seduc-
tion, and after the verdict had been published and before the jury
had dispersed, and before sentence, he demanded the right to poll
the jury.  This demand was refused, and the refusal was com-
plained of in the defendant's motion for a new trial, the overrul-
ing of which is assigned as error.  The trial judge, in a note to
the bill of exceptions, makes the following statement as to his
reason for refusing the request:  "The above-stated case was sub-
mitted to the jury about four o'clock in the afternoon.  About
eight o'clock the jury reported that an agreement had been reached.
Upon the jury coming into the court the court inquired if a ver-
dict had been agreed upon, to which the jury replied in the affirma-
tive; whereupon the verdict was received and published.  The
court thereupon inquired of counsel for defendant whether there
was any reason why the record should not then be completed by
sentence being pronounced, and counsel, replying in the negative,
made to the court in the presence of the jurors, who had not left
the box, a statement of some length, asking that the court show
extreme leniency in imposing sentence.  Counsel discussed the
verdict of the jury recommending the defendant to the mercy of
the court, and suggested that the jury probably thought that this
case was one in which such recommendation would reduce the
punishment to that of a misdemeanor, and called attention to the
fact that while this was not the case the court had considerable
latitude in fixing the penalty, mentioning that the punishment was
from two to twenty years, and asking that the extreme minimum
be imposed.  The matter was discussed at considerable length by

counsel for defendant, various suggestions and statements being made with respect to the punishment. After hearing from counsel for defendant and after the lapse of some fifteen or twenty minutes, the court proceeded to enter upon some discussion of the case before formally pronouncing sentence, and, among other things, stated that while the recommendation of the jury would be taken into consideration, the court would not assume that the jurors supposed that the case was reducible to a misdemeanor, inasmuch as no such matter was given them in charge, but would assume that the jury were undertaking simply to recommend the defendant to the mercy of the court, as expressed in their verdict; all of the above occurring in the hearing and presence of the jury. In the meantime the jurors trying the case had not been formally excused, nor had they left the box. At this point one of the jurors trying the case asked if he could speak to the court privately, and, upon the court stating that he could, came forward and stated publicly that he thought that the punishment would be by fine, and that there would be no imprisonment, and that he would not have agreed to the verdict except for this understanding and except for the statement by other jurors that the punishment would be by fine and would be very small; the juror also stating that nine of the jurors had been for conviction and that the other three wouldn't have agreed except for the understanding that only a fine would be imposed. Upon this statement being made by the juror, counsel for defendant requested and moved that the jury be polled, which motion was overruled by the court upon the ground that while the jury had not been formally excused by such a statement being made to them by the court, that under all the circumstances the court considered the poll of the jury as having been waived by defendant, and that in the light of the statements made in the presence of the jury and the statement made by the juror, the jury was not then properly subject to be polled."

The right to poll the jury should never be denied where demanded in time. The demand is always in time when made after the verdict is published and before the jury is dispersed, and before sentence. A waiver of the right should never be implied. Perhaps the statement of the juror that he acted upon a misapprehension would not have been a sufficient reason for the court to refuse to accept the verdict of the jury, and require them

to further deliberate, but this is not the question in this case. The court committed reversible error in refusing the defendant's demand that the jury be polled. *McCullough* v. *State,* 10 *Ga. App.* 403 (73 S. E. 546); *Ponder* v. *State,* 11 *Ga. App.* 60 (74 S. E. 715); *Tilton* v. *State,* 52 *Ga.* 478; *Blankinship* v. *State,* 112 *Ga.* 402 (37 S. E. 732); *Brownlow* v. *State,* 112 *Ga.* 405 (4) (37 S. E. 733)..

*Judgment reversed. Wade, C. J., and George, J., concur.*