## MOORE v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 6, 1922. Decided March 5, 1923.)

No. 3778.

1. **Indictment and information** ⬦128, 130—**Separate crimes of same class, or the same offense in different ways, may be charged in separate counts.**

Under Rev. St. § 1024 (Comp. St. § 1690), it is permissible, and may be desirable, to join counts for several crimes of the same class in the same indictment, and also to charge the same offense in different ways.

2. **Criminal law** ⬦970(6)—**Judgment not arrested for misjoinder, unless offenses charged belong to different classes.**

A motion in arrest of judgment for misjoinder of offenses in the indictment will not be sustained, unless the offenses charged and of which defendant is found guilty belong to different classes of crimes, requiring different judgments.

3. **Criminal law** ⬦972—**Judgment arrested only for matters appearing of record, not including evidence.**

A judgment in a criminal case will, after conviction, be arrested only for matter appearing of record which would render the judgment erroneous, if given; the evidence being no part of the record for such purpose.

4. **Criminal law** ⬦971(3)—**Judgment on two counts not arrested because verdict was inconsistent.**

A judgment after a verdict of guilty on two counts, one charging larceny of an automobile the property of a man and wife and one charging larceny of an automobile, the property of the man only, cannot be arrested because the evidence showed the two counts related to the same automobile, so that the verdict of guilty on both counts was inconsistent and unintelligible.

5. **Criminal law** ⬦1040—**Defendant electing to stand on motion to arrest, cannot on appeal, complain of verdict.**

Where a defendant made no requests for instructions, or to require the prosecution to elect, so as to present to the trial court the inconsistency of permitting a verdict convicting of larceny of the same automobile as the property of different owners, but saw fit to remain silent until after verdict and to rely on a motion in arrest of judgment, he cannot be permitted to escape the application of the strict rules which govern the consideration of such a motion in the appellate court.

Appeal from the Supreme Court of the District of Columbia.

Charles D. Moore was convicted of larceny, and he appeals. Affirmed.

E. M. Hewlett and Royal A. Hughes, both of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the judgment that the appellant, defendant below, was guilty of the crime of larceny.

The indictment contained four counts. The first charged appellant with larceny on the 18th day of April in the year of our Lord 1921, at

the District of Columbia, of one automobile, of the value of $1,410, the property of one Genevieve V. Rouse and one Charles L. Rouse. The second charged him with larceny of one automobile of the same value at the same time and place, the property of the said Charles L. Rouse. As to the other counts, no question is raised here, because the court directed a verdict of not guilty thereon.

The jury returned a general verdict of guilty on the first and second counts. Thereupon the appellant filed his motion to arrest judgment on the first and second counts "because the verdict rendered by the jury is insensible, repugnant as appears from the record." This motion was overruled, exceptions thereto allowed, and appellant sentenced to imprisonment in the penitentiary for two years. Exception was also allowed to the sentence, but appellant relies here wholly upon the claimed error of the court in overruling his motion in arrest.

The only evidence which is incorporated in the record is that:

"Charles L. Rouse testified that money was contributed by himself and wife for the purchase of said automobile, but the machine belonged to him."

The appellant argues that the verdict "is not only uncertain, but is insensible, as well as illogical," and claims that the jury has found him guilty of two separate and distinct offenses: (a) Stealing property of Genevieve V. Rouse and Charles L. Rouse; and (b) stealing the property of Charles L. Rouse. He contends it is shown by the evidence that the automobile referred to in the two counts of the indictment is one and the same, and argues that it could not at at one and the same time be the joint property of Genevieve V., and Charles L. Rouse and the individual property of Charles L. Rouse; hence the claim that the verdict was insensible and illogical.

Appellant took no exceptions to the charge of the court; did not request that the prosecution be required to elect upon which count of the indictment it would rely for conviction; did not request that the jury be instructed that it could bring in a verdict of guilty upon only one count; did not object to the consideration of both counts by the jury; and raised no issue at the trial that the ownership of the property was not proven as alleged in each count.

[1] The law is well settled that it is permissible and may be desirable to join counts for several crimes of the same class in the same indictment and also to charge the same offense in different ways. Revised Statutes, § 1024 (section 1690, Comp. St.); United States v. Dickinson, 25 Fed. Cas. 850, No. 14958; United States v. Peterson, 27 Fed. Cas. 515, No. 16037; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; Bishop's New Criminal Procedure, vol. 2, §§ 444, 446, 449.

[2] Instructive discussions of the propriety of the joinder of counts for different crimes in one indictment and proceedings that may be had thereunder, including motions in arrest, may be found in United States v. Peterson, supra, and United States v. Howell (D. C.) 65 Fed. 402. From these and other cited cases the rule would seem to be that, generally speaking, the motion in arrest will not be sustained, unless the

offenses charged, and of which the defendant is found guilty, belong to different classes of crimes requiring different judgments.

[3] But the appellant here relies upon the evidence to establish that the verdict is inconsistent and illogical. The law is that "a judgment in a criminal case will, after conviction, be arrested only for matter appearing of record which would render the judgment erroneous if given; the evidence being no part of the record for such purpose."

Corpus Juris, vol. 16, 1255; U. S. v. Maxey (D. C.) 200 Fed. 997; U. S. v. Marrin (D. C.) 159 Fed. 767; Demolli v. U. S., 144 Fed. 363, 75 C. C. A. 365, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Carter v. Bennett, 56 U. S. (15 How.) 354, 14 L. Ed. 727; Black on Judgments, vol. 1, § 98.

[4] It is clear that, without considering the evidence in this case, the motion in arrest was properly overruled. The sufficiency of the respective counts is not questioned, a general verdict of guilty has been returned as to both, and there is therefore nothing appearing of record which will render judgment thereon erroneous. The crimes charged in the indictment, and of which appellant says he has been convicted, are each larceny, and therefore are in the same class. When challenged by a motion in arrest, it is presumed that the evidence supports the verdict; hence, it is neither inconsistent, insensible, nor repugnant.

[5] If appellant had desired to present the question sought to be raised, he might by proper instructions tendered, and exceptions if the same were refused, or exceptions to those given if they were erroneous, or perhaps by motion that the prosecution elect upon which count it would ask for a verdict have accomplished his desire. Instead, however, he saw fit to remain silent until after verdict. Having elected to stand upon a motion in arrest, he cannot be allowed to escape the application of the strict rules which govern its consideration in an appellate court. In Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91, it was said:

"A party must make every reasonable effort to secure from the trial court correct rulings, or such at least as are satisfactory to him, before he will be permitted to ask any review by the appellate tribunal."

See, also, 20 R. C. L. § 29, p. 245.

The appellant relies chiefly upon Davis v. United States, 37 App. D. C. 126, and Fulton v. United States, 45 App. D. C. 27.

The Davis Case was disposed of here, not on a motion in arrest, but because of error below in denying the defendant's request to instruct the jury that it could not find him guilty of both obtaining by false pretenses and embezzling the same property. On this issue it was justly held that a verdict of guilty of embezzlement would negative one essential fact in the crime of procuring by false pretenses, viz. "the devesting the title orginally." This court fully reviewed the evidence in that case, which it would not have done on a motion in arrest.

In the Fulton Case embezzlement of the same sum of money, stated in one count of the indictment as belonging to one person, and in the other as belonging to that one and sixteen others, was charged. The jury had been instructed that the offense charged represented a single transaction, but notwithstanding this it brought in a verdict of guilty

on both counts. This court held, under such a state of facts, that it was error to permit the jury to return a verdict of guilty on both counts, evidently because the jury had disregarded its instructions. The defendant there manifestly had proceeded upon the theory that the jury would follow the instructions, and hence took no affirmative action to protect his rights until the verdict was returned, at which time his motion in arrest was properly filed.

In Mercantile Trust Co. v. Hensey, 27 App. D. C. 211, this court held that, in a civil case, the law did not require a separate verdict upon each count in a declaration, saying, "A separate verdict upon each count may be directed by the court in such cases, if the circumstances require or justify it; but, unless the jury are so directed, it is not ground for arresting the judgment that the jury * * * has rendered one entire verdict upon the declaration as a whole."

No error of record is found in the proceedings below, and the judgment is affirmed.