## Asher v. Commonwealth.

(Decided November 4, 1927.)

## Appeal from Bell Circuit Court.

1. Infants.—Order of county court holding person charged with housebreaking to circuit court for trial held not void under Ky. Stats., sec. 331e-5, though accused was under 17 years of age.
2. Burglary.—In prosecution for housebreaking, evidence that defendant entered storehouse through closed door held to make issue for jury as to breaking.
3. Criminal Law.—Appellate court cannot consider alleged erroneous instructions which appellant fails to incorporate in bill of exceptions.
4. Criminal Law.—Failure of defendant to request poll of jury held waiver of right to poll, under Criminal Code of Practice, sec. 267, requiring it only at "instance of either party."
5. Infants.—Sentencing a person under 17 years of age in penitentiary instead of house of reform is matter within discretion of trial court.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From a judgment of conviction for the offense of housebreaking, the appellant brings this appeal. He first urges that the circuit court which tried him was without jurisdiction so to do because he was at the time of the commission of the alleged offense under 17 years of age, and the order of the county court holding him to the circuit court for trial for this offense was void as such proceedings were not had according to the statutes in such cases made and provided. It is sufficient to say that the evidence shows that the proceedings in the county court were had in strict compliance with the requirements of section 331e-5 of the Kentucky Statutes, and that the order holding the appellant to the circuit court for trial was valid.

Appellant next contends that he was entitled to a peremptory instruction because the evidence failed to show any breaking. Although it is true that the appellant said that he entered the storehouse, which he is accused of breaking into, through an open door, yet the

evidence for the commonwealth was to the effect that the door through which he entered was closed, and that the appellant had to open it in order to get into the store. Appellant therefore was not entitled to a peremptory instruction on this theory.

Appellant also contends that the court failed to properly instruct the jury, but as he did not incorporate the instructions in the bill of exceptions, we cannot consider this contention. He next argues that the jury which returned the verdict in this case was not polled in accordance with section 267 of the Criminal Code. However, the record fails to show that he made any request for a poll of the jury, and as the Code only requires the jury to be polled "at the instance of either party," it follows that the appellant by failing to make such a request waived his right to such a poll.

It is next argued that the court erred in sending the appellant to the penitentiary instead of the house of reform. Although this is a matter within the discretion of the trial court (Cloyd v. Commonwealth, 212 Ky. 178, 278 S. W. 595), we may say that appellant's counsel has evidently not read the record carefully, for the judgment in this case plainly provides that the appellant shall be sent to the house of reform.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.