684

## OWENS v. UNITED STATES.
### No. 5538.

Court of Appeals of District of Columbia.
Argued March 7, 1932.
Decided April 4, 1932.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

Leo A. Rover, William H. Collins, and Charles B. Murray, all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

On the night of March 18, 1931, James H. Lane, a motorman-conductor of the Washington Railway & Electric Company, took a street car to the end of the line at Congress Heights, starting his return run, with one passenger, at about 9 o'clock. Appellant, Garry R. Owens, was standing with his nephew, Charles Owens, at the car stop at the corner of Nichols avenue and Trenton street southeast, and, as the car approached, appellant signaled for it to stop. When it stopped and the front door was thrown open by the conductor, appellant with a gun in his hand stepped in and ordered Lane to put up his hands. When Lane failed to do so and started toward appellant, appellant shot Lane in the abdomen and then ran. Lane stepped out of the car, presumably to follow appellant, and as Lane reached the street he collapsed; he died a few days later as a result of the wound.

Two counts of the indictment were submitted to the jury. The first count charged deliberate and premeditated murder; the second count charged murder while attempting to commit robbery. A verdict of not guilty was returned under the first count, and a verdict of guilty of murder in the second degree under the second count.

The government called as a witness Aubrey Pillsbury, a brother-in-law of appellant. Pillsbury in an interview with the district attorney theretofore had made and signed a statement as to his knowledge of the facts concerning which he was to testify. His testimony being inconsistent with his signed statement, the government claimed surprise and sought and obtained permission to cross-examine the witness. Whereupon counsel for the government showed the witness the statement, and obtained from him an acknowledgment that the signature was his. Counsel then examined him as to the contents of the paper in conformity with the rule announced in Smith v. United States, 57 App. D. C. 71, 17 F. (2d) 223, where the same question was involved as is raised here.

When the jury returned its verdict of murder in the second degree, it was accepted by the court, and counsel for appellant did not move to set it aside nor did they ask for a new trial. They subsequently filed a motion in arrest of judgment, in which they sought to challenge the validity of the verdict on the ground of inconsistency.

Under section 1035, Rev. St. (U. S. C. tit. 18, § 565 [18 USCA § 565]), the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment. Wallace v. United States, 162 U. S. 466, 476, 16 S. Ct. 859, 40 L. Ed. 1039. Inasmuch as a motion in arrest lies only for error on the face of the record and does not include the evidence or charge (Loewenthal v. United States (C. C. A.) 274 F. 563; People v. Thompson, 41 N. Y. 1; State v. Snow, 74 Me. 354), "it is presumed that the evidence supports the verdict; hence, it is neither inconsistent, insensible, nor repugnant" (Moore v. United States, 53 App. D. C. 44, 288 F. 249, 251).

But an examination of the evidence and charge justifies the same conclusion. The

fact that the evidence indicated that appellant was guilty as charged in the second count did not deprive the jury of the power to return a verdict of the lesser offense of murder in the second degree. See Horning v. District of Columbia, 254 U. S. 135, 138, 41 S. Ct. 53, 65 L. Ed. 185.

It is contended that the court erred in not inquiring of the jury whether the verdict as announced by the foreman was the verdict of all the jury. The foreman, in answer to the question of the clerk, announced that the jury found the defendant guilty of murder in the second degree. Thereupon the clerk said: "Ladies and gentlemen of the jury, your foreman says the defendant is guilty under the second count of the indictment of murder in the second degree." Thereupon the court said: "Murder in the second degree as charged in the second count." The court then asked counsel whether they desired to poll the jury, to which counsel for appellant replied in the negative. The court then instructed the jury to take their seats.

It is inconceivable that there could have been any misapprehension on the part of any juror as to the verdict. Evidently counsel for appellant was of that view, since they failed to avail themselves of the opportunity to poll the jury. See Roney v. United States, 43 App. D. C. 533, 537.

We have considered other assignments of error not treated in the briefs and not the subject of comment in oral argument, and find them without merit.

Judgment is affirmed.

Affirmed.