## Johnson v. Commonwealth.

December 7, 1948.

Francis M. Burke for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Ed Johnson was sentenced to two years in prison for carrying concealed a deadly weapon. Reversal of the judgment is urged upon the following grounds:

"(1) After the jury had been accepted and sworn, the court, without consulting appellant or securing his consent, dismissed T. Y. Harmon, a member of the jury, and impaneled W. T. Ellis in his place. After Ellis was impaneled, the jury was again sworn and the case proceeded to trial over the objection of the appellant.

"(2) The verdict of the jury was received and read by the court without a poll of the jury, over appellant's objection.

"(3) The trial court erred in overruling appellant's motion for a directed verdict."

The sufficiency of the evidence concerning Johnson's guilt is questioned in the third ground. That Johnson was carrying a .38 pistol is not denied. He and his witnesses testified that he was not wearing a coat, but rather a short, close-fitting sweater, and that the handle of the pistol could be seen protruding from the right pocket of his trousers. Reference is made to testimony of the Commonwealth's witnesses as to how Johnson

was dressed and to the position of the parties and also the pocket from which he took the gun. Granting all this, we think there was sufficient substantial evidence of Johnson's guilt to warrant the submission of the case to the jury.

In regard to the first ground the bill of exceptions shows:

"After the Commonwealth's Attorney had read the indictment to the jury and had made a partial statement of the case, T. Y. Harmon, one of the jurors accepted and sworn to try this case, stated that he had been a member of the jury on the trial of this case at a previous term of this court. Thereupon, the defendant moved the court to set aside the swearing of the jury and continue the case, and the court being advised, sustained said motion as to the setting aside the swearing of the jury, but overruled the motion for continuing of the case, to which ruling of the court, the defendant objected and excepted.

"Thereupon, the court directed another juror to be impaneled, and W. T. Ellis was called as such juror, and the Commonwealth accepted W. T. Ellis as a member of the jury, making twelve jurors in all.

"The defendant objected and excepted to this procedure and accepted the jury under protest. Thereupon, the whole jury was again sworn by the court."

It is said that the foregoing quotation from the bill of exceptions does not correctly set forth the facts relating to the juror, Harmon. Obviously, however, we can consider only the statements in the bill of exceptions, since they were prepared by counsel for the appellant and submitted to and approved by the trial judge. The point is made that Johnson was put in jeopardy when the jury was first impaneled, accepted by both parties and sworn to try the case. The cases of O'Brian v. Commonwealth, 9 Bush 333, 72 Ky. 333, 15 Am. Rep. 715, and Commonwealth v. Gray, 249 Ky. 36, 60 S. W. 2d 133, are cited in support of this contention. In those cases it is said that the discharge of a jury after an accused has been put on trial, save in a case of necessity or by his consent, operates as an acquittal. See also Mullins v. Commonwealth, 258 Ky. 529, 80 S. W. 2d 606. Obvi-

ously, a case of necessity arose here. Furthermore, the bill of exceptions shows that Johnson moved to set aside the swearing of the jury and continue the case. The motion was sustained, in so far as the swearing of the jury was concerned, but not as to the continuance of the case. The new juror, W. T. Ellis, was accepted by the Commonwealth. The record is silent as to whether he was accepted or rejected by the appellant. It is true, however, that it does show that he objected and excepted to the procedure followed by the trial judge and accepted the jury under protest. As pointed out by the Commonwealth, the procedure followed by the court was invited by the appellant. Under the circumstances, whatever error, if any, may have been committed in the selection of Ellis as a juror would not go to the question of jeopardy.

Section 267 of the Criminal Code of Practice, provides:

"Upon a verdict being rendered, the jury may be polled, at the instance of either party, which consists of the clerk or judge asking each juror if it is his verdict, and if one answer in the negative the verdict can not be received."

The bill of exceptions shows that Johnson objected to the receiving of the verdict without the call (poll) of the jury. The court overruled this objection. This was error. In the case of Boreing v. Beard, 226 Ky. 47, 10 S. W. 2d 447, 451, it was said:

"The most substantial right of the accused in a felony case, incident to his constitutional privilege of being present when the verdict is returned, is the right to poll the jury and to require each member of the jury when face to face with the accused to state whether or not the verdict is his verdict. * * *"

This right may be waived, but it was not done in the case before us. In the case of Temple v. Commonwealth, 14 Bush 769, 77 Ky. 769, 29 Am. Rep. 442, it was said that:

"* * * He (accused) has a right not only to see and know that the whole jury is present assenting to the verdict, but by polling to demand face to face of each juror whether the verdict is his verdict, and to object to it un-

less each member of the jury shall answer for himself that the verdict is his.''

In the recent case of Cannon v. Commonwealth, 291 Ky. 50, 163 S. W. 2d 15, it was held that the verdict should not have been accepted when one juror replied on the poll, ''It is not my verdict, I did agree to it, but I didn't want to do it, it was against my will.''

For the reasons given the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.