Huston Allen **POWELL**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

Rehearing Denied June 23, 1961.

**732**

John Y. Brown, Brown, Sledd & Mc-Cann, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, and William A. Watson, Asst. Attys. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Huston A. Powell, is under a sentence of death for the murder of his wife. On a first trial he pleaded innocent, but was found guilty and the death penalty was imposed. The verdict was set aside for improper argument of the prosecuting attorney as to the right of parole if imprisoned. On the call of the case for another trial, the defendant pleaded guilty. Evidence was introduced by the Commonwealth concerning the homicide and by the defendant concerning his physical and mental disabilities. Under an instruction to fix the defendant's punishment at death or imprisonment for life, in the jury's discretion, a verdict of death was returned. KRS 435.010; § 258, Cr.Code.

After the jury had retired to consider its verdict, the defendant's attorney, Mr. John Y. Brown, stated to the court that he was going to his office for an appointment, and did so. Thirty or forty minutes later, during the attorney's absence, the jury reported it had reached a verdict. The clerk called their names (Sec. 255, Cr.Code) and the foreman handed the verdict to the clerk, who read it aloud. The court asked, "Is that your verdict, gentlemen?" The panel nodded their assent. The verdict was received and the jury discharged. The defendant was present at all times. When Mr. Brown returned to the courtroom, he learned what had occurred.

The foregoing was submitted in support of the defendant's motion for a new trial on the ground that his attorney was absent and the jury was not polled as permitted by § 267, Criminal Code, it being charged in the motion that this was a "denial of the defendant's constitutional right to be represented by counsel at all times during the trial." The motion was overruled and the appeal prosecuted upon that ground of error and another in which we find no merit.

Section 267 of the Criminal Code (as did § 263 of the 1854 Code) provides:

"Upon a verdict being rendered, the jury may be polled, at the instance of either party, which consists of the clerk or judge asking each juror if it is his verdict, and if one answer in the negative, the verdict can not be received."

Long ago (1879) in Temple v. Commonwealth, 14 Bush 769, 77 Ky. 769, 29 Am.St. Rep. 442, where a verdict in a murder case was received during the absence of the defendant and his counsel, in commenting on their right to be present when the verdict was received and to poll the jury, the court wrote:

"[A]t no time in the whole course of the trial is this right more valuable than at the final step when the jury are to pronounce that decision which is to restore him to the liberty of a citizen, or to consign him to the scaffold or to a felon's cell in the state prison. He has a right not only to see and know that the whole jury is present assenting to the verdict, but by polling to demand face to face of each juror

whether the verdict is his verdict, and to object to it unless each member of the jury shall answer for himself that the verdict is his.

"The right to poll the jury in criminal causes has in this state always been deemed an essential part of the right of trial by jury. It is guaranteed by both the constitution and the statute, and ought to be maintained and preserved by the courts as essential to the protection of the rights of the citizen."

■ The present case is distinguishable in part from the Temple case since here the defendant was present in person, but the statements regarding the importance of the right to poll the jurors in the manner defined in the Code are pertinent. It may well be assumed that the defendant did not know he had the right. But his counsel knew it. The temporary absence of the attorney in the present case was with the tacit approval of the court. He was, we may assume, within call at his nearby office. True, the poll of the jurors is a permissive right which may be waived. Johnson v. Commonwealth, 308 Ky. 709, 215 S. W.2d 838; Carver v. Commonwealth, Ky., 256 S.W.2d 375, 49 A.L.R.2d 616. But it is a substantial legal right and to deny it without waiver is prejudicial error in a felony case. Boreing v. Beard, 226 Ky. 47, 10 S. W.2d 447; Johnson v. Commonwealth, 308 Ky. 709, 215 S.W.2d 838; Carver v. Commonwealth, Ky., 256 S.W.2d 375, 49 A.L. R.2d 616; Notes 49 A.L.R.2d 621, et seq.

In the Carver case the defendant's attorney was temporarily absent from the courtroom but in the courthouse when the verdict was received and the jury dismissed. We reiterated that the right to poll the jury in criminal cases is an essential part of the right of trial by jury and held denial to be prejudicial error. In the present case the judge polled the jury as a body but not the individual jurors, as the Code, above quoted, provides.[1] Had the defendant's counsel been present, he may have deemed this to be sufficient. But that is speculative.

Too much emphasis upon the subordinate point of polling the jury may lead to misconceiving or missing altogether the primary and more fundamental point involved.

Since the court substantially polled the jury and the attorney might have waived it altogether had he been present, the importance of the technical omission or deviation from the literal Code provision lies in the fact that it is indicative or symbolic of the need of the defendant to have had his lawyer present when the verdict of death was returned. Many and perhaps more vital occurrences are conceivable where the accused would have greater need for having his lawyer by his side to advise him and to protect his rights, particularly in a case of capital crime. The court may not speculate, in a matter that is so vital, that nothing will occur that might require the attorney's presence. We quote from Carver v. Commonwealth, supra, Ky., 256 S.W.2d 375, 377, 49 A.L.R.2d 616:

"This court has long recognized the importance of the constitutional right of the accused to be present with his counsel at all stages of a trial. In Temple v. Commonwealth, 14 Bush 769, 29 Am.Rep. 442, we said:

" 'The right to be heard by himself and counsel necessarily embraces the right to be present himself and to have

1. The purposes of polling the jurors have been variously stated: It creates individual responsibility and eliminates uncertainty as to the verdict as announced by the foreman. It affords opportunity for free expression, unhampered by the fears or the errors which may have attended the private proceedings. It makes sure the verdict is the conclusion of all the jurors. It definitely determines whether the jury's verdict reflects the conscience of each of the jurors or whether it was brought about through the coercion or domination of one of them by some of his fellow jurors or resulted from sheer mental or physical exhaustion of a juror. Note 49 A.L.R.2d 620.

a reasonable opportunity to have his counsel present also at every step in the progress of the trial. * * * The presence of the accused is not mere form. It is of the very essence of a criminal trial not only that the accused shall be brought face to face with the witness against him, but also with his triers.' "

In Wilcher v. Commonwealth, 297 Ky. 36, 178 S.W.2d 949, 951, a death penalty had been imposed, as here. When the jury reported it had reached a verdict, the defendant's attorney was absent, having left the city. The court appointed two attorneys to represent the defendant, but it was not shown in the record whether that was before or after the verdict was returned. Because of the uncertainty, we deemed it unnecessary to decide the question of error since another ground of reversal of the judgment was clear. But in the course of the opinion the court said: "Since, ordinarily, a defendant in a criminal case is inexperienced in court procedure, it is important that his counsel be present to protect his rights especially when the verdict is received."

 It is a primary right of a person accused of a felonious crime, especially where a death penalty may be imposed, that he shall be represented by counsel at every stage of his trial—from its beginning to its end. The return of the verdict is crucial and the need for counsel may be greater, as stated in the above quotations from the Temple and Wilcher cases, supra. This right of counsel throughout the trial is firmly rooted in our criminal jurisprudence. It is cherished as one of the most important safeguards against an unfair trial. Like the right of the defendant to be present himself, his right to the effective assistance of counsel is a requirement of our Bill of Rights, § 11, Ky.Const., and the presence of both is a condition of due process of law assured by the Fourteenth Amendment to the Federal Constitution. True, the right may be waived, but in such a case the waiver should be so clear and unequivocal as to indicate a conscious intent. There was no such waiver in this case.

This court and the Supreme Court have been sedulous in maintaining that right. Both courts have declared it to be of the essence of an opportunity to defend one's self that he have the advice of counsel throughout, and to deprive him of it violates his constitutional rights. If that has been done, it is prejudicial where a man's life is to be forfeited. Powell v. State of Alabama, 287 U.S. 45, 52, 53 S.Ct. 55, 77 L. Ed. 162, 84 A.L.R. 527; Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed. 2d 1448; Puckett v. Commonwealth, 200 Ky. 509, 255 S.W. 125, 34 A.L.R. 96; Kokas v. Commonwealth, 194 Ky. 44, 237 S.W. 1090; Cass v. Commonwealth, 236 Ky. 462, 33 S.W.2d 332; Shelton v. Commonwealth, 280 Ky. 733, 134 S.W.2d 653; Lett v. Commonwealth, 284 Ky. 267, 144 S.W.2d 505; Wilcher v. Commonwealth, 297 Ky. 36, 178 S.W.2d 949; Carver v. Commonwealth, Ky., 256 S.W.2d 375, 49 A.L.R.2d 616.

Two juries have imposed the severest penalty provided by the law upon the appellant. But, as the late Mr. Justice Cardozo, when a judge of the New York Court of Appeals, wrote, "A criminal, however shocking his crime, is not to answer for it with forfeiture of life or liberty till tried and convicted in conformity with law." People v. Moran, 246 N.Y. 100, 158 N.E. 35, 37.

The court is of opinion that the judgment must be and it is

Reversed.

MONTGOMERY, STEWART and WILLIAMS, JJ., dissenting.

MONTGOMERY, Judge (dissenting).

The majority opinion deals with the second ground urged for reversal of the death sentence. As stated by appellant's counsel,

it is that he "was denied his constitutional and statutory rights when his counsel was not present at the time the verdict was returned by the jury which resulted in a denial of his right to have the jury polled." There are two answers to this contention: (1) The accused was not denied "a reasonable opportunity to have his counsel present," and (2) the accused waived his right to have the jury polled.

The majority opinion rests its holding upon a statement from Carver v. Commonwealth, Ky., 256 S.W.2d 375, 49 A.L.R.2d 616, and, in particular, upon a quotation in that case from Temple v. Commonwealth, 13 Bush 769, 77 Ky. 769, 29 Am.St. Rep. 442, as follows:

> " 'The right to be heard by * * counsel * * * embraces the right * * * to have a reasonable opportunity to have his counsel present * * *.' "

The Temple case quotation also appears in the Lett and Kokas cases cited in the majority opinion.

Powell was represented by eminent and able counsel of his own choice, not court appointed counsel. He had placed his cause in the hands of counsel whom he believed to be capable of protecting his rights on trial. The conduct of his defense was a matter entrusted to the skill and discretion of this counsel. In what way then, if any, was this accused denied a reasonable opportunity to have his counsel present?

It is unquestioned that the counsel absented himself voluntarily by going to his office to keep an appointment. The record discloses no communication between counsel and trial judge concerning counsel's departure and return except the statement by counsel that he was leaving. There is no hint that counsel desired, requested, or expected to be called to the courtroom when the jury returned a verdict. So far as the record shows, accused's counsel and the prosecuting attorney both left the courtroom without any apparent intention of returning when the jury retired to consider its verdict.

On this point alone, the present case is distinguishable from the Carver case. There, counsel left the courtroom for a brief visit to the men's restroom in the same building, while here, counsel left the courthouse and went to his office in another building. The jury returned a verdict within thirty to forty-five minutes and was discharged before appellant's counsel returned. The record does not show when he returned. It was not the duty of the trial judge to require accused's counsel to be present at all times any more than it was his duty to require counsel to cross examine a witness or to do other things in the exercise of his discretion in conducting the defense of the accused. Under the circumstances of this case, it cannot be said that the accused was denied "a reasonable opportunity to have his counsel present."

The real question presented is: Did the accused waive his right to have the jury polled? Criminal Code, § 267, quoted in the majority opinion, provides that " * * the jury may be polled, at the instance of either party, * * *." The accused had no right to have a jury polled except by request. In Asher v. Commonwealth, 221 Ky. 700, 299 S.W. 568, the record did not show any request had been made. The right to poll was held to have been waived by the failure to make a request. Dietzman, J., wrote: " * * * the Code only requires the jury to be polled 'at the instance of either party.' " The rule was stated in State v. Vaszorich, 13 N.J. 99, 98 A.2d 299, 314, by Mr. Justice Brennan, now of the United States Supreme Court, then a member of the New Jersey Supreme Court, thus:

> "Although a poll of the jury is the right of the accused, it is not a necessary ingredient of his conviction, but must be requested by timely request, Rule 2:7–9(d), and may be waived by a failure to make such request, State

v. Blisak, 58 A.2d 711, 26 N.J.Misc. 197 (Qtr.Sess.1948); People v. Chamberlain, 55 P.2d 240 (Cal.D.Ct.App. 1936); Asher v. Commonwealth, 221 Ky. 700, 299 S.W. 568 (Ky.Ct.App. 1927); People v. Schneider, 154 App. Div. 203, 139 N.Y.S. 104 (App.Div. 1912); Owens v. United States, 61 App.D.C. 132, 58 F.2d 684 (D.C.Ct. App.1932); Hommer v. State, 85 Md. 562, 37 A. 26 (Md.Ct.App.1897); Annotation Ann.Cas.1912B, 1236."

May the accused not waive this privilege by sitting silently by and permitting his counsel to depart from the courtroom to his office in another building without hint or suggestion of his return?

The Carver case recognizes that the polling of the jury may be waived. In Johnson v. Commonwealth, 308 Ky. 709, 215 S.W.2d 838, the judgment was reversed for failure to poll after demand was made, but the right to waive the privilege was again recognized. See also Wooten v. State, 19 Ga.App. 739, 92 S.E. 233. When the record does not show whether a poll was taken, it is assumed that the verdict was unanimous. Green v. Commonwealth, Ky., 281 S.W.2d 637.

It was not error to receive the verdict in the absence of accused's counsel. In Tartar v. Commonwealth, 274 Ky. 109, 118 S.W.2d 190, the verdict was returned in the absence of counsel and it was held not to be error. The Tartar holding was based on Penn v. State, 62 Miss. 450; State v. Jones, 91 N.C. 654; and Frank v. State, 142 Ga. 741, 83 S.E. 645, L.R.A.1915D, 817, certiorari denied Ex parte Frank, 235 U.S. 694, 35 S.Ct. 208, 59 L.Ed. 429. In the Penn case, the jury was polled in the absence of counsel and a death sentence was affirmed. In the Jones case, the verdict was upheld although counsel was absent and there was no poll. A death sentence was affirmed in the Frank case where it was agreed that the verdict should be received in the absence of counsel on both sides.

The present case is factually identical with Hommer v. State, 85 Md. 562, 37 A. 26, wherein the poll of the jury was held to have been waived. It was further held that it was not error to receive a verdict in the absence of counsel. Martin v. State, 79 Wis. 165, 48 N.W. 119; Barnard v. State, 88 Wis. 659, 60 N.W. 1058; O'Bannon v. State, 76 Ga. 29, 32; Baker v. State, 58 Ark. 513, 25 S.W. 603; Huffman v. State, 28 Tex.App. 174, 12 S.W. 588; State v. Boozer, 92 S.C. 495, 75 S.E. 864. In Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, it was said that the voluntary absence of the accused's counsel does not affect the right of the court to proceed to a verdict and judgment. The Lovvorn case followed the reasoning in Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969, holding that the accused by voluntary absence could waive his right to be present when the jury rendered its verdict; a fortiori, the accused could waive the absence of his counsel.

It, therefore, is concluded that the accused was afforded a reasonable opportunity to have his counsel present, that he waived the privilege of having the jury polled, and that it was not error for the verdict to be received in the absence of his counsel.

I am strengthened in these conclusions by a record which shows that the polling of the jury was an afterthought. Counsel first made such a claim by filing an amended motion and grounds for a new trial on November 17, 1959, thus indicating that the poll of the jury was not contemplated by accused's counsel on the day the verdict was rendered, October 13, 1959, or on October 22, 1959, when he filed his motion for a new trial. Had accused's counsel intended other than to waive the polling of the jury, he would have raised the question sooner. Further strengthening my conclusions are the statements in the majority opinion that "the court substantially polled the jury" and doubtless, "had the defendant's counsel been present, he would have deemed it sufficient." To the same effect,

see Ryan v. People, 50 Colo. 99, 114 P. 306, Ann.Cas.1912B, 1232, in which it was held that a proceeding similar to the one in the present case, in effect, amounted to a poll of the jury.

I would affirm the judgment.

STEWART and WILLIAMS, JJ., join in the dissent.