**Steven MILES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–002150–DG.

Court of Appeals of Kentucky.

June 6, 2008.

Stephen P. Huddleston, Warsaw, KY, for appellant.

Michael D. Mason, Special Prosecutor, Burlington, KY, for appellee.

Before ACREE, DIXON, and TAYLOR, Judges.

*OPINION*

ACREE, Judge.

Steven Miles appeals his Gallatin District Court conviction for driving a motor vehicle while under the influence. Because the manner in which the trial court polled the jury did not comply with Kentucky Rule of Criminal Procedure (RCr) 9.88, we reverse.

■ Our highest court long ago established that "the right to poll the jury in criminal cases is an essential part of the right of trial by jury and held denial to be prejudicial error." *Powell v. Com.*, 346 S.W.2d 731, 733 (Ky.1961). The right is one to have the conscience of each individual juror tested by an individualized question directed at him or her, not a question directed at any group of jurors in which individuals may find some degree of anonymity. *Id.*, 346 S.W.2d at 733 n. 1 (Ky. 1961) (purpose of polling is to determine that "the jury's verdict reflects the *conscience of each* of the jurors[.]" Emphasis supplied). That much is clear from the plain language of the Rule. Polling is "done by the clerk's or court's *asking each juror* if it is his or her verdict." RCr 9.88 (emphasis supplied).

■ It is clear from the videotape that the trial court did not "ask[ ] each juror" if this was his or her verdict. The court's method of polling the six jurors took exactly four seconds.

Court: [Visually scanning the jury as a whole] Is that the verdict of the jury?

[looking at one juror] That your verdict?

[looking at a second juror] Your verdict ma'am?

[looking at a third juror] Sir?

None of the jurors responded audibly. It is possible that all six jurors individually responded in a non-verbal way to the court's four queries. While a non-verbal response to the court's queries can be sufficient, *id.* at 732, the response must be to a question specifically posed to that responding juror and to him alone.

If "the trial court asked the panel as a whole, rather than each juror individually, about the verdict[,]" this would "not satisfy the Rule's requirement nor purpose." *Com. v. Rhodes,* 949 S.W.2d 621, 624 (Ky. App.1996). Logic mandates that if the court polls more than one juror at a time, *i.e.,* any subset of the jury greater than one juror, the same rationale requires reversal.

After the trial court asked these four questions of the jury, Miles asked the trial court to properly poll the jury. The court's response that "I just did" was incorrect. When Miles was denied the opportunity to have the jurors polled individually, he was deprived his right under RCr 9.88, necessitating reversal of his conviction.

Furthermore, we cannot agree with the Commonwealth that Miles is objecting merely to "[s]mall irregularities in the jury poll process[.]"

[A]t no time in the whole course of the trial is this right more valuable than at the final step when the jury are to pronounce that decision which is to restore him to the liberty of a citizen, or to consign him to the scaffold or to a felon's cell in the state prison. He has a right not only to see and know that the whole jury is present assenting to the verdict, but *by polling to demand face to face of each juror whether the verdict is his verdict* [.]

*Powell, supra,* at 732–33 (emphasis supplied), *quoting Temple v. Commonwealth,* 14 Bush 769, 77 Ky. 769, 29 Am.Rep. 442. While the charges against Miles would not have sent him "to the scaffold," the right provided by RCr 9.88 is no less available to criminal defendants facing lesser charges.

For the foregoing reasons, we reverse Miles' conviction and remand the action to the Gallatin District Court for further proceedings consistent with this opinion.

ALL CONCUR.