# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0166-MR

JAMES STEVEN ROWE                  APPELLANT

V.             ON APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
NO. 18-CR-00201

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

James Steven Rowe was convicted following a jury trial in Pike Circuit Court of promoting contraband in the first degree and being a persistent felony offender in the first degree (PFO I).  The jury recommended an enhanced sentence of 20 years' imprisonment, which the trial court imposed.  Rowe now appeals as a matter of right[1] raising two allegations of error.  Following a careful review, we affirm.

On July 6, 2018, when Rowe was being arrested on four bench warrants, he surrendered a quantity of marijuana to the arresting officer, Kentucky State Police Trooper Sheldon Thomas.  Trooper Thomas then asked Rowe if he had

---

[1] KY. CONST. §110(2)(b).

any other items on his person which could not be taken into the jail, to which Rowe responded in the negative. A standard pat-down search did not reveal any other items. Once at the jail, Rowe became increasingly nervous, garnering the attention of jail staff who decided to conduct a more thorough search of his person. During the search, a package fell from Rowe's underwear containing three green-tinted plastic bags inside a larger clear bag; the colored bags contained approximately 38 grams of methamphetamine. Three other green-tinted bags were subsequently located containing suspected heroin which was later confirmed to be fentanyl. Rowe was later indicted on charges of trafficking in a controlled substance in the first degree (methamphetamine), trafficking in a controlled substance in the first degree (heroin),[2] promoting contraband in the first degree, possession of marijuana, and PFO I. He was released on bond approximately ten days prior to his scheduled trial.

A two-day jury trial convened on April 29, 2019. On the first day of trial, the Commonwealth presented five witnesses and five exhibits. The defense presented only Rowe's testimony. The trial court then adjourned for the day. Rowe failed to appear the following day at 9:00 a.m. as ordered by the trial court, resulting in a bench warrant being issued. The matter was continued until 1:00 p.m. that day to see if Rowe could be located. When Rowe again failed to appear, the trial court heard arguments on whether his absence was voluntary or involuntary. The Commonwealth informed the court of the

---

[2] At the close of the Commonwealth's case-in-chief, this count was amended to indicate the drugs found were actually fentanyl rather than heroin.

2

unsuccessful efforts made by Trooper Thomas and Pikeville Police to locate Rowe. He was not in any of the local hospitals nor at any of the several known addresses for him which officers visited, although officers were informed they had missed him by mere minutes at one location. Defense counsel stated Rowe had contacted him approximately an hour prior, claiming he had overslept and would arrive at the courthouse by 1:00 p.m.

Based on the information received, the trial court determined Rowe had voluntarily absented himself and the trial should proceed. As jurors were returning to the courtroom, a male juror was called to the bench. The trial court advised that Pike County District Judge May had informed the court he had commented on the case to the juror during the recess. The juror responded that as he and Judge May, a longtime friend, were leaving the courthouse for lunch, Judge May commented he had heard "some guy didn't show up this morning." The juror informed Judge May he was on the jury panel and the conversation ended. Upon further questioning by the trial court, the juror indicated he had not discussed the matter with any of the other jurors and did not think the comment by Judge May would impact his deliberations in the case. The juror then took his seat in the jury box.

The trial court inquired if the parties had any motions based on the information presented and both answered "No, your honor." The Commonwealth indicated it was fine with leaving the juror in the venire. Defense counsel stated, "I think just a random alternate pulled, I don't think it

3

needs to be Mr. (inaudible)."[3] The juror was not removed as an alternate and ultimately sat on the panel deliberating the case. Rowe raised no objections to this juror at any time.

The trial resumed without Rowe present and the trial court instructed the parties that no one was to address Rowe's absence before the jury. Following deliberations, the jury found Rowe not guilty of trafficking in a controlled substance in the first degree (methamphetamine) but convicted him of the lesser-included offense of possession of a controlled substance in the first degree. It also found him guilty of possession of a controlled substance in the first degree (fentanyl), promoting contraband in the first degree and possession of marijuana. Before the penalty phase, the trial court made a renewed finding Rowe was voluntarily absent from the proceedings after hearing updated information from Trooper Thomas and defense counsel regarding efforts to locate Rowe. The Commonwealth was granted leave to dismiss the two possession of a controlled substance charges as well as the possession of marijuana charge.

Following the penalty phase, the jury found Rowe to be a PFO I and recommended a five-year sentence on the promoting contraband charge, enhanced to twenty years by virtue of his persistent felon status. Rowe was subsequently located, and he appeared for final sentencing approximately one

---

[3] Although difficult to discern from the videotaped bench conference as the trial court was speaking over him, defense counsel was plainly reciting the last name of the juror in question.

month later.  The trial court imposed the jury's recommended penalty.  This appeal followed.

Rowe presents two allegations of error in seeking reversal.  First, he asserts the trial court erred in failing to remove the juror who was exposed to external communications regarding his absence from trial.  Second, he contends the trial court erred in failing to undertake a thorough voluntary absence analysis prior to beginning the penalty phase of trial.  Neither assertion has merit.

Rowe first argues comments made by Judge May to a juror about his absence at trial so tainted the juror that the trial court erred in refusing to excuse the juror from the venire.  Acknowledging a lack of adequate preservation, Rowe contends he merely forfeited this allegation of error and that it is "partially preserved" for review.  To the extent the alleged error is unpreserved, he requests palpable error review under RCr[4] 10.26.  On the contrary, the Commonwealth argues Rowe waived the error and is therefore precluded from arguing it on appeal.  We agree with the Commonwealth.

> [W]hen a party fails to raise an issue or otherwise preserve an allegation of error for review, the issue is forfeited.  *United States v. Olano*, 507 U.S. 725, 731 [] (1993) ("No procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.") (cleaned up).

*Gasaway v. Commonwealth*, 671 S.W.3d 298, 314 (Ky. 2023).  However, "[w]aiver is different from forfeiture.  Whereas forfeiture is the failure to make

---

[4] Kentucky Rules of Criminal Procedure.

the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733 (citations and internal quotation marks omitted). Thus, the valid and knowing relinquishment of a right constitutes a waiver precluding appellate review while forfeited claims of error may be subject to review for palpable error. *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 38 (Ky. 2011).

It is undisputed Judge May had contact with the juror and commented on a person who "didn't show up." It is further uncontroverted the trial court and the parties were all made aware of the situation, the juror was questioned at the bench, and the trial court inquired if either party had any motions to bring based on the information gleaned during the bench conference. Rowe specifically declined to move to strike the juror. And, contrary to the argument advanced in his brief to this Court, our review of the record does not reveal any request was made to excuse the juror as an alternate. Instead, counsel specified his belief that a random selection of an alternate juror was sufficient and need not necessarily be the juror in question. Thus, the alleged error is not merely unpreserved, it was invited. A party is generally estopped from arguing an invited error on appeal. *Gray v. Commonwealth*, 203 S.W.3d 679 (Ky. 2006). For these reasons, Rowe is not entitled to relief based on this alleged error.

Rowe next asserts the trial court did not undertake a thorough voluntary absence analysis before starting the penalty phase without him being present. He concedes this error is unpreserved and seeks palpable error review.

6

Although not properly preserved, a palpable error "affects the substantial rights of a party" and "relief may be granted upon a determination that manifest injustice has resulted" from the error. RCr 10.26. To obtain a reversal based on an alleged palpable error, a defendant must show that the error was "shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006). "When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Id.* at 5.

"A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Such right emanates from the Sixth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution and Section Eleven of the Kentucky Constitution. The right to be present is further specifically defined in RCr 8.28(1):

> The defendant shall be present at the arraignment, at every critical stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of the sentence. The defendant's voluntary absence after the trial has been commenced in his or her presence shall not prevent proceeding with the trial up to and including the verdict. The defendant may be permitted to remain on bail during the trial. Upon a hearing and finding by the trial court, that a defendant in custody on any charge, including a felony, intentionally refuses to appear for any proceeding, including trial, short of physical force, such refusal shall be deemed a waiver of the defendant's right to appear at that proceeding.

Because the right is personal to the defendant under the Sixth Amendment and Section Eleven, it may be waived. *See Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 379-80 (1979). However, the waiver must be sufficiently clear "as to indicate a conscious intent." *Powell v. Commonwealth*, 346 S.W.2d 731, 734 (Ky. 1961).

In the case at bar, Rowe was present on the first day of trial. When court adjourned for the day, he was ordered to return the following morning for resumption of the trial. He did not. The trial court held a hearing to determine if he was voluntarily absent and, hearing nothing to the contrary, made such a finding and resumed the trial. Rowe raises no challenge to this determination.

Prior to the penalty phase, the trial court again noted Rowe's absence and inquired into the efforts of the Commonwealth and defense counsel on efforts to locate him. He had still not been found, and no information had been unearthed that he was in the hospital or otherwise incapacitated. Trooper Thomas informed the court that a police officer had spoken to an unnamed woman who said she was supposed to pick Rowe up and take him to the courthouse but had not done so. Defense counsel had not spoken to Rowe since prior to the trial court's initial finding of his voluntary absence. Thus, the trial court made a finding Rowe's continued absence was voluntary and that the penalty phase would proceed.

Without citation to any authority, Rowe baldly claims the trial court should have undertaken a more detailed analysis before determining he was voluntarily absent for the penalty phase. We disagree. Rowe was plainly aware

8

his trial had commenced and was not complete after the first day of testimony. He did not comply with the trial court's order for him to return at 9:00 a.m. the following day for the trial to resume. He contacted his counsel at approximately 12:15 p.m. saying he had overslept but would be at the courthouse by 1:00 p.m. He was not. Apart from this single statement, Rowe has never presented any reasonable excuse for his absence. He has never claimed a lack of knowledge of the proceedings. There can be no doubt, based on the record before us, Rowe's absence was voluntary, and the trial court did not err in permitting the proceedings to continue. *McKinney v. Commonwealth*, 474 S.W.2d 384, 386 (Ky. 1971) ("If . . . the Commonwealth proves that the defendant had knowledge of the trial date, and did not appear, we think an inference may be indulged that the absence was intentional, knowing and voluntary, particularly where the defendant is one with previous acquaintanceship with court procedure as a defendant on criminal prosecutions."). We hold the present circumstances are sufficiently clear relative to Rowe's absence to indicate a "conscious intent." *Powell*, 346 S.W.2d at 734. There was no error, and certainly no palpable error.

For the foregoing reasons, the judgment of the Pike Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Jennifer Wade
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General